Mary K. OLSEN, Petitioner,

v.

DEPARTMENT OF COMMERCE,
CENSUS BUREAU, Respondent.

Appeal No. 83–1316.

United States Court of Appeals,
Federal Circuit.

May 25, 1984.

Gregory C. Powell, Riverdale, Md., for petitioner.

Beacham O. Brooker, Jr., Washington, D.C., for respondent. With him on the brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, and Thomas Petersen, Asst. Director, Washington, D.C.

Before FRIEDMAN, Circuit Judge, SKELTON, Senior Circuit Judge, and BALDWIN, Circuit Judge.

FRIEDMAN, Circuit Judge.

This is an application under the Equal Access to Justice Act, 28 U.S.C. § 2412 (1982), for attorney's fees and expenses incurred in connection with the petitioner's successful appeal to this court from a decision of the Merit Systems Protection Board (Board) upholding a reduction in force (RIF) by the Census Bureau that adversely affected the petitioner. *Olsen v. Department of Commerce*, 732 F.2d 167 (Fed.Cir. 1984). We grant the application.

## I

The petitioner was employed in a position the description of which originally stated that capability in French was "highly desirable" but which at the time of the RIF required fluency in that language, which the petitioner possessed. In preparation for a large RIF, the agency erroneously modified petitioner's job description to state that fluency in Spanish was required. As a result, another employee who was fluent in Spanish but had little knowledge of French was able to "bump" petitioner from her position.

Both in its response to the petitioner's appeal to the Board and in a stipulation at the Board hearing, the agency admitted that at the time of the RIF the petitioner's position required fluency in French, which the person who "bumped" the petitioner concededly did not have. The agency also admitted that no one whose job required fluency in French was affected by the RIF.

In setting aside the RIF, this court rejected the government's contention that the error in describing the petitioner's position as requiring fluency in Spanish was harmless. It ruled that if that position had been properly classified, the petitioner would not have been "bumped." The court further held that "the MSPB's holding that there was no harmful error in the agency's assignment of petitioner to a competitive level for Spanish-speaking statisticians is arbitrary, capricious, an abuse of discretion and unsupported by substantial evidence."

The petitioner's attorney seeks a fee of $5,692.50 (plus travel expenses of $10). The fee covers his handling of the case before both the Board and this court. Detailed itemization of the services involved shows that he spent 75.9 hours on the case. He seeks compensation at $75 an hour.

The government opposes the application on various grounds, but does not question the amount of the claim.

## II

A. The Equal Access to Justice Act provides in pertinent part:

(b) Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action.

28 U.S.C. § 2412(b) (1982).

The government contends that the Act does not cover a proceeding under 5 U.S.C. § 7703 to review a Board decision. According to the government, the only authority for awarding attorney's fees in those cases is the provision of the Civil Service Reform Act of 1978 (Reform Act) governing the award of attorney's fees under that statute. 5 U.S.C. § 7701(g)(1) (1982).

The argument has two facets: (1) The government contends that the Reform Act "represents a comprehensive statutory scheme intended by Congress to cover federal personnel cases exclusively," which supplants the Equal Access to Justice Act; and (2) it points to section 206 of the Equal Access to Justice Act, 28 U.S.C. § 2412 note, which states that nothing in that Act "alters, modifies, repeals, invalidates, or supersedes any other provision of Federal law which authorizes an award of such fees and other expenses to any party other than the United States that prevails in any civil action brought by or against the United States." It infers from this provision that the Act "has no application where Congress has thoroughly dealt with the question of attorney fees as part of a separate specialized scheme such as the [Reform Act]."

1. Section 205 of the Reform Act, 5 U.S.C. § 7701, deals with appeals from an agency to the Board. The Board's authority under subsection (g)(1) to award attorney's fees necessarily relates to fees incurred in those administrative proceedings. Judicial review of Board decisions is governed by section 7703, which contains no provision authorizing the award of attor-

ney's fees incurred in the judicial proceedings. The Board has no authority to award attorney's fees for services rendered in connection with judicial review of a Board decision.

■ There is nothing in either the Reform Act or the Equal Access to Justice Act to indicate that Congress intended to bar the courts from awarding attorney's fees for judicial proceedings to review Board decisions. To the contrary, the broad language of the Equal Access to Justice Act covers those cases. The court's authority to award attorney's fees applies "in any civil action" "in any court having jurisdiction of such action" "[u]nless expressly prohibited by statute." 28 U.S.C. § 2412(b). Neither section 7701 nor section 7703 contains such an express prohibition.

In *Hoska v. United States Department of the Army*, 694 F.2d 270 (D.C.Cir.1982), the court held that a provision of the Equal Access to Justice Act discussed below, 28 U.S.C. § 2412(d)(3), makes that Act inapplicable to proceedings to review a Board order upholding an employee's dismissal. As we explain below, we think this provision covers only the judicial award of attorney's fees for services rendered before the Board and does not apply to the award of attorney's fees for the judicial proceedings themselves. Presumably the government agrees with this view since it did not cite *Hoska* in support of its contention that the Equal Access to Justice Act is inapplicable to proceedings for the review of Board decisions, although it cited the case for another point.

■ 2. The government's reliance upon section 206 of the Equal Access to Justice Act is misplaced. That section merely preserves other federal laws that authorize the award of attorney's fees to a prevailing private party "in any civil action brought by or against the United States." An appeal to the Board from an agency is not such a "civil action."

■ We therefore hold that the Equal Access to Justice Act covers the award of attorney's fees for the judicial proceedings in this case.

■ B. The Equal Access to Justice Act requires a court to award attorney's fees to the prevailing party other than the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The "position" of the United States that must have been substantially justified was its position before the court, not at the administrative level. *Broad Avenue Laundry and Tailoring v. United States*, 693 F.2d 1387, 1390–91 (Fed.Cir.1982).

■ The petitioner concededly was the prevailing party in the case before this court. The government contends that its position before the court was substantially justified. The contention is unconvincing.

■ The standard for determining whether the government's position was substantially justified is that of reasonableness. 693 F.2d at 1391. In an endeavor to show the reasonableness of its defense of the Board's decision in this case, the government merely repeats the argument it made before us on the merits. It contends that the Spanish-speaking person who "bumped" the petitioner could have become proficient in French and that his skill in that language was similar to that the petitioner had when she entered the job.

The argument overlooks two critical factors upon which our reversal of the Board's decision rested: (1) The agency's own admissions before the Board that the petitioner's position required fluency in French, and (2) the fact that although the position description when the petitioner entered the position stated only that French competency was "highly desirable," at the time of the RIF "fluency" in that language was required, which the petitioner had and the person who "bumped" her lacked. In short, by the time the case reached the Board, it was undisputed that the petitioner was "bumped" from a position by someone

who was not qualified. Moreover, since it is undisputed that nobody in a position for which fluency in French was required was affected by the RIF, the conclusion is inescapable that petitioner would not have been "bumped" had it not been for the agency's erroneous classification of her position.

In these circumstances, we cannot find that the position of the United States before the court was substantially justified.

### III

A. As noted, the application for attorney's fees also covers the services rendered before the Board. Our authority to award such fees involves other provisions of the Act.

The Equal Access to Justice Act has two parts. One part deals with the award of attorney's fees by an administrative agency, and the other part covers award of such fees by the courts. The former part requires an agency that conducts "an adversary adjudication" to award attorney's fees and other expenses to a prevailing party other than the United States unless the agency finds that the position of the agency as a party to the proceedings "was substantially justified or that special circumstances make an award unjust." 5 U.S.C. § 504(a)(1) (1982). Section 504(b)(1)(C) defines "adversary adjudication" as "an adjudication under section 554 of this title in which the position of the United States is represented by counsel or otherwise." Section 554(a)(2) in turn excludes from the definition of adjudication in that section "the selection or tenure of an employee" other than an administrative law judge.

In addition to the provisions governing award of attorney's fees for judicial proceedings, the Equal Access to Justice Act provides:

In awarding fees and other expenses under this subsection to a prevailing party in any action for judicial review of an adversary adjudication, as defined in subsection (b)(1)(C) of section 504 of title 5, United States Code, or an adversary adjudication subject to the Contract Dis-

putes Act of 1978, the court shall include in that award fees and other expenses to the same extent authorized in subsection (a) of such section, unless the court finds that during such adversary adjudication the position of the United States was substantially justified, or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(3). The language of this provision, read in conjunction with section 2412(b), shows that subsection (d)(3) authorizes a court to include in an award of attorney's fees for services rendered in proceedings for judicial review of an adversary adjudication, attorney's fees for services rendered in the administrative proceedings under review to the extent that 5 U.S.C. § 504(a) authorizes such award. Our authority to award attorney's fees under the Equal Access to Justice Act for services rendered before the Board thus depends upon whether, if the petitioner had prevailed before the Board, the latter could have awarded him attorney's fees. We conclude that the Board would not have had that authority under section 504(a).

■ As noted, 5 U.S.C. § 554(a) excludes from the definition of adjudication "the ... tenure of an employee." The discharge of an employee involves his "tenure." *Hoska,* 694 F.2d at 273; *see also Normile v. McFague,* 685 F.2d 9, 10 n. 2 (1st Cir.1982); *Bollow v. Federal Reserve Bank,* 650 F.2d 1093, 1101–02 (9th Cir.1981). Unless we are to rewrite the statute, we are constrained to hold that we cannot award attorney's fees under the Equal Access to Justice Act for services rendered before the Board.

B. The government concedes, as the court held in *Hoska,* that the Back Pay Act, 5 U.S.C. § 5596(b)(1)(A)(ii) (1982), authorizes the award of attorney's fees in this case. The government argues, however, that the regulations of the Office of Personnel Management require that applications for attorney's fees first be presented to the Board.

■ In our view, the regulations the government cites cover the award of attor-

ney's fees to a party who prevailed before the Board for services there provided. It does not limit our authority to award fees for such services to a party who prevailed before us after losing before the Board. As the court pointed out in *Hoska*, the language of the Back Pay Act "is sufficiently broad to include attorney's fees for services rendered in administrative or judicial appeals ...." 694 F.2d at 273. That language entitles an employee who successfully challenges "an unjustified or unwarranted personnel action ... to receive ... (ii) reasonable attorney fees related to the personnel action." 5 U.S.C. § 5596(b)(1).

After holding in *Hoska* that the employee was entitled to attorney's fees "for services rendered during the administrative appeals," the court remanded the case to the Board to determine the fee. 694 F.2d at 274. In the present case, however, the government does not contest the amount of the fee. We hold below that the petitioner's attorney is entitled to a fee for services rendered before the Board. We see no reason to remand to the Board to perform the ministerial function of awarding the fee for the portion of the work performed in connection with the Board proceedings.

 C. The standard under the Back Pay Act for determining whether to award attorney's fees is whether an award would be "warranted in the interest of justice"—the same standard as under the attorney fee provision of the Civil Service Reform Act. *Sims v. Department of the Navy*, 711 F.2d 1578 (Fed.Cir.1983). The government argues that an award here for services rendered before the Board would not be in the interest of justice. In support of that position, it makes the same argument that it made in urging under the Equal Access to Justice Act that its position before the court was substantially justified. The argument is no more persuasive in this context than it was in that one. We accordingly hold that an award of attorney's fees for services rendered before the Board would be in the interest of justice.

### CONCLUSION

The respondent, the Department of Commerce, Census Bureau, is ordered to pay Gregory C. Powell, the attorney for the petitioner, an attorney's fee of $5,692.50 and travel expenses of $10, for a total of $5,702.50.

APPLICATION GRANTED.