Elias W. COVINGTON, Petitioner,

v.

DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.

Appeal No. 84–976.

United States Court of Appeals, Federal Circuit.

April 17, 1987.

Phillip R. Kete, Takoma Park, Maryland, for petitioner.

Lynn J. Bush, Commercial Litigation Branch, Civ. Div., Dept. of Justice, Washington, D.C., for respondent; M. Susan Burnett, of counsel.

Before MILLER * and SKELTON, Senior Circuit Judges, and NEWMAN, Circuit Judge.

On Petition for Attorney Fees

## ORDER

PAULINE NEWMAN, Circuit Judge.

Elias W. Covington requests attorney fees and expenses incurred in his appeal from the Merit Systems Protection Board (Board) to this court, *Covington v. Department of Health & Human Services*, 750 F.2d 937 (Fed.Cir.1984), and those incurred in submitting this fee application. The award is sought pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Department of Health and Human Services (HHS) opposes the application on the bases that it was not timely filed and that Mr. Covington was not a prevailing party before this court. Alternatively, HHS argues that if Mr. Covington is entitled to an award the amount sought is unreasonable and unsubstantiated.

## Background

Following this court's decision that reversed the Board's dismissal of Mr. Covington's appeal and remanded to enable him to establish his entitlements in accordance with law, the Board granted Mr. Covington certain reinstatement rights, including back pay. *Covington v. Department of Health & Human Services*, 31 M.S.P.R. 351 (1986).

On August 20, 1986 Mr. Covington through attorney Phillip Kete, who represented Mr. Covington before the Board, filed a petition with the Board for attorney fees incurred in the administrative proceedings and in the appeal to this court. On October 7, 1986 the Board held that an attorney fee award for the administrative proceedings was in the interest of justice, applying the Back Pay Act, and awarded attorney fees for Mr. Kete's representation of Mr. Covington therein. The Board also held that it was "inappropriate" for it to rule on the request for fees for the judicial appeal, because the request was not filed by the attorney who handled the appeal and no one from that law firm, Heise Jorgensen & Stefanelli, had moved for fees. *Covington v. Department of Health & Human Services*, No. DC03518210591, slip. op. at 2 (MSPB Oct. 7, 1986).

On October 10, 1986 Mr. Covington, through Mr. Kete, filed the petition now before us, requesting attorney fees and expenses for the judicial appeal.

## Analysis

The Equal Access to Justice Act (EAJA) may be invoked as a basis for the award of attorney fees for appeals to this court from decisions of the Merit Systems Protection Board. As discussed in *Brewer v. American Battle Monuments Comm'n*, 814 F.2d 1564, 1566 (Fed.Cir.1987), the EAJA requires that fees be awarded unless the government can show that its action was substantially justified or that circumstances make the fee award unjust; the burden of proof with respect to these exceptions rests with the government. H.R.Rep. No. 96–1418, 96th Cong., 2d Sess. 10, *reprinted in* 1980 U.S.Code Cong. & Admin.News 4953, 4984, 4989. The agency does not present such defense.

---

* The Honorable Jack R. Miller participated as an active Circuit Judge in the consideration and decision of the appeal on which this petition is based; he assumed status as Senior Circuit Judge on June 6, 1985.

■ The agency argues that Mr. Covington was not the prevailing party on the appeal to this court, that he did not prevail until after the Board's decision on remand, and therefore that he has no entitlement to attorney fees for the interim judicial appeal. This argument was treated in *Brewer*, at 1566–1569, and for the reasons there discussed and the authorities there cited, can not stand.

■ The government also argues that this fee application was not timely filed. The fee application was submitted within thirty days after expiration of the time for appeal of the final decision of the Board after remand; this is in accordance with 28 U.S.C. § 2412(d)(1)(B), which provides that the fee application shall be filed "within thirty days of final judgment in the action", i.e., the action in which the applicant became a prevailing party. *See Brewer*, at 1569–1570. *See also* H.R.Rep. No. 120, 99th Cong., 1st Sess. 18 n. 26, *reprinted in* 1985 U.S.Code Cong. & Admin.News 132, 146 n. 26.

■ The agency alternatively argues that it is required by the rules of the Federal Circuit that the petition be filed within ten days after issuance of the mandate in the appeal:

> Applications [for attorney fees] must be filed not later than 10 days after the mandate has issued, unless a different time is provided by statute.

Fed.Cir.R. 20(a)(1) (as amended November 17, 1986). Because the EAJA provides a "different time" for filing, Rule 20 by its terms does not control this case.

■ Nor is Mr. Covington required to seek from the Board his fees and expenses incurred before this court, as the agency argues. The "Board has no authority to award attorney's fees for services rendered in connection with judicial review", established at least since *Olsen v. Department of Commerce, Census Bureau*, 735 F.2d 558, 561 (Fed.Cir.1984).

Mr. Covington met the statutory standards when he prevailed before the Board and filed a timely application with this court. He has established entitlement to attorney fees and costs incurred on the judicial appeal and, as held in *Schuenemeyer v. United States*, 776 F.2d 329, 333 (Fed.Cir.1985), in connection with the filing of this petition.

Mr. Covington requests attorney fees of $4,450. Of this total, $450 represents attorney Kete's fee for filing this petition, and has been documented as required by 28 U.S.C. § 2412(d)(1)(B). The government does not dispute this amount.

The remaining $4,000 represents the fee paid by Mr. Covington to the firm of Heise Jorgensen & Stefanelli for the judicial appeal. This fee was prepaid as a minimum retainer, against which actual charges were to be made as incurred. Covington's request for documentation of the specific number of hours and the hourly rates charged, information required by § 2412(d)(1)(B) to support a petition for attorney fees, was not acceded to, attorney Heise writing to Kete that because of "the passage of time" the firm was "unable" to provide this information.

■ Payment in advance does not relieve an attorney of its obligations to its client, including the obligation to meet the statutory requirements of the EAJA.

Accordingly, IT IS ORDERED THAT:

1. Petitioner is entitled under the EAJA to attorney fees and expenses incurred in connection with his judicial appeal.

2. Attorney Kete's fee of $450 shall be reimbursed to petitioner, within twenty days hereafter.

3. Within twenty days, the sworn statement of attorney Heise and others of the law firm of Heise Jorgensen & Stefanelli, whose work was billed to Mr. Covington's account and paid for by Mr. Covington, shall be filed with the court, complying with § 2412(d)(1)(B) or adequately explaining any failure of compliance.

4. Any objection by the agency shall be filed within ten days thereafter.