**A. Marie PHILLIPS, Petitioner,**

v.

**GENERAL SERVICES ADMINISTRA-TION, Respondent. (Two Cases)**

Nos. 90–3107, 89–3002.

United States Court of Appeals, Federal Circuit.

Feb. 7, 1991.

Peter B. Broida, Cohen, Broida & Associates, Arlington, Va., argued for petitioner.

Stephen McHale, Dept. of Justice, Washington, D.C., argued for respondent. Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Terrence S. Hartman, Asst. Director and Reginald T. Blades, Jr., Atty. were on the brief for respondent. Also on the brief was Michael Donawick, Gen. Services Admin., Washington, D.C., of counsel.

Before ARCHER, and LOURIE, Circuit Judges, and SKELTON, Senior Circuit Judge.

PER CURIAM.

In No. 90–3107, A. Marie Phillips petitions for review of the decision of the Merit Systems Protection Board (MSPB or board), No. DC075287A9087 (November 20, 1989), in which Phillips was awarded attorney fees in connection with an appeal to this court but was denied enhancement of the award. In addition to seeking a determination of attorney fees by the MSPB, Phillips' counsel also filed a motion for attorney fees with this court (No. 89–3002), which was stayed at Phillips' request pending the decision of the MSPB. On August 14, 1990, this court entered an order lifting the stay so that Phillips' motion in this court could be considered together with the appeal of the board's decision. In No. 90–

3107, we vacate the decision of the board for lack of jurisdiction insofar as the decision awarded attorney fees for services performed in connection with judicial review of the board's decision and remand. In No. 89–3002, we grant attorney fees for work performed before this court under the Equal Access to Justice Act, but with the limitation on the rate per hour contained in that Act, and we deny any enhancement of the award based on alleged "special factors."

I

The facts underlying this case are set out in our opinion in *Phillips v. General Serv. Admin.*, 878 F.2d 370 (Fed.Cir.1989), and will not be repeated here except to the extent necessary for this opinion. An adverse action was brought against Phillips, a GS–13 Financial Management Analyst of the General Services Administration, for allowing her Diners Club credit card account to become delinquent for over four months, in violation of agreements between the employee, the agency and the Diners Club Company. Also included in the action was a charge of insubordination because of Phillips' conduct with and toward her superior who was endeavoring to get her to pay the past due bill. When Phillips finally paid the delinquent bill, approximately seven months after it was due, the indebtedness charge was dropped, but the insubordination charge remained and she was removed from her job on that charge. On appeal to the board, the punishment was mitigated to a 60–day suspension without pay and a reduction in grade to a budget analyst, GS–12, step 1. Phillips filed an application with the board under the Back Pay Act for attorney fees. After negotiation, a settlement was reached with respect to attorney fees, but the amount paid to Phillips is not shown by the record.

Phillips and her attorney then entered into an attorney fee agreement under which she paid her attorney $2,500 out of the back pay award received in the board proceeding and her attorney agreed to appeal to this court on a contingent fee basis whereby he would receive whatever addi-

tional fee that might be allowed to Phillips for his services in this court. When the case came before this court on appeal, the board's decision was reversed and the case was remanded to the board with instructions to cancel the 60–day suspension without pay and the reduction in grade.

Phillips then filed an application (the Application) with the board, under the Back Pay Act, 5 U.S.C. § 5596, and the Civil Service Reform Act (CSRA), 5 U.S.C. § 7701(g), for $19,412.50 in attorney fees primarily for services of her attorney in this court. In addition, Phillips also requested a 100% enhancement of the lodestar fee, or an additional sum of $19,412.50.

In support of the Application, Phillips' attorney submitted documents showing his hourly rate and the number of hours spent on the case in this court. The government did not contest this evidence, and with a minor adjustment the board awarded $19,-238 as attorney fees. That amount has been paid by GSA. The board, however, denied the enhancement. Because of that denial, Phillips has appealed the board's attorney fee award in No. 90–3107.

At the same time the Application was being pursued before the board, Phillips filed a motion (the Motion) for attorney fees with this court under the CSRA, 5 U.S.C. § 7701(g), and the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Motion sought attorney fees in the amount of $17,179 and also included a request for a 100% enhancement. Since we have lifted the stay on this Motion in No. 89–3002, we also consider the related attorney fee requests therein.

II. No. 90–3107

A. The government argues as a threshold matter that the board did not have jurisdiction to award or enhance attorney fees for the services of Phillips' attorney in this court. A jurisdictional matter can be raised at any stage of a judicial proceeding by any party or by the court on its own motion. *See Insurance Corp. of Ireland v. Compagnie des Bauxites*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982); *United States v. Sher-*

*wood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *Zumerling v. Marsh,* 783 F.2d 1032, 1034 (Fed.Cir.1986). We can, and do, question the board's jurisdiction.

■ It is well settled that the board has no authority under 5 U.S.C. § 7701(g) to award attorney fees for services rendered by an attorney in this court in connection with judicial review of a board decision. *Olsen v. Department of Commerce,* 735 F.2d 558, 560–61 (Fed.Cir.1984); *Covington v. Department of Health and Human Servs.,* 818 F.2d 838, 840 (Fed.Cir.1987). In *Olsen* the court stated:

> Section 205 of the Reform Act, 5 U.S.C. § 7701, deals with appeals from an agency to the Board. The Board's authority under subsection (g)(1) to award attorney's fees necessarily relates to fees incurred in those administrative proceedings. Judicial review of Board decisions is governed by section 7703, which contains no provision authorizing the award of attorney's fees incurred in the judicial proceedings. *The Board has no authority to award attorney's fees for services rendered in connection with judicial review of a Board decision.*

735 F.2d at 560–61 (emphasis added).

The agency in *Covington* argued that the employee was required to seek attorney fees from the board for the services of his attorney before this court. This argument was rejected:

> Nor is Mr. Covington required to seek from the Board his fees and expenses incurred before this court, as the agency argues. The "Board has no authority to award attorney's fees for services rendered in connection with judicial review", established at least since *Olsen v. Department of Commerce, Census Bureau,* 735 F.2d 558, 561 (Fed.Cir.1984).

818 F.2d at 840.

These decisions make clear that the board's action in this case, to the extent it was based on section 7701(g), must be vacated for lack of jurisdiction.

B. With respect to the Back Pay Act, Phillips argues that this court has never squarely been faced with the question of whether the board may award attorney fees under the Back Pay Act for services provided during judicial review of a case. Section 5596 provides that attorney fees may be awarded when a personnel action against an employee is determined to be unjustified or unwarranted; it is silent, however, as to whether the board or the court may grant such fees for services in this court.[1] Phillips points to 5 C.F.R. § 550.807,[2] the regulations promulgated by

---

1. Section 5596 reads:

   (b)(1) An employee of an agency who, on the basis of a timely appeal or an administrative determination (including a decision relating to an unfair labor practice or a grievance) is found by appropriate authority under applicable law, rule, regulation, or collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee

   (A) is entitled, on correction of the personnel action, to receive for the period for which the personnel action was in effect.

   (i). . . .

   (ii) reasonable attorneys fees which ... shall be awarded in accordance with standards established under section 7701(g) of this title;

   . . . .

   (c) The Office of Personnel Management shall prescribe regulations to carry out this section. However the regulations are not applicable to the Tennessee Valley Authority and its employees.
   5 U.S.C. § 5596(b)(1) (Supp. IV 1980).

2. Section 550.807(a) reads as follows:

   (a) An employee or an employee's personal representative may request payment of reasonable attorney fees related to an unjustified or unwarranted personnel action that resulted in the withdrawal, reduction, or denial of all or part of the pay, allowances, and differentials otherwise due the employee. Such a request may be presented only to the appropriate authority that corrected or directed the correction of the unjustified or unwarranted personnel action. However, if the finding that provides the basis for a request for payment of reasonable attorney fees is made on appeal from a decision by an appropriate authority other than the employing agency, the employee or the employee's personal representative shall present the request to the appropriate authority from which the appeal was taken.

the Office of Personnel Management under the Back Pay Act, as authorizing the board to make the initial determination of an attorney fee award under the Back Pay Act for services connected with a judicial proceeding.

This court rejected Phillips' contention in *Olsen*. In that case, the government similarly argued that the regulations promulgated by the Office of Personnel Management under the Back Pay Act require that an application for attorney fees must first be presented to the board. The court stated:

> In our view, the regulations the government cites cover the award of attorney's fees to a party who prevailed before the Board for services there provided. It does not limit our authority to award fees for such services to a party who prevailed before us after losing before the Board.

735 F.2d at 562–63. *See also Covington*, 818 F.2d at 840.

The court's in banc decision in *Gavette* reinforces this position of the *Olsen* court by saying that:

> Federal Circuit Rule 20 [now Rule 47.9] contemplates that when attorney fees and expenses are authorized in connection with an appeal, the amount of the award for such fees and expenses shall be determined by this court.
>
> . . . .
>
> The Federal Circuit is in a better position than the board to determine the amount of fees and expenses to be awarded in connection with the appeal to this court, although the board should determine the amount of fees to be awarded in connection with the board proceedings.

*Gavette v. Office of Personnel Management*, 808 F.2d 1456, 1468 (Fed.Cir.1986) (in banc).

■ Finally, we note that to interpret the Back Pay Act as Phillips contends would be to invite multiple requests for the same services before this court—a request under the Back Pay Act would go to the MSPB, whereas we have consistently held that an EAJA application is to be filed with this court. *See Gavette*, 808 F.2d at 1461;

*Austin v. Department of Commerce*, 742 F.2d 1417, 1419 (Fed.Cir.1984); *Olsen*, 735 F.2d at 562. It is most unlikely, in our view, that Congress intended a bifurcated filing process. We conclude that a request for attorney fees under the Back Pay Act for services rendered in judicial proceedings must, as in the case of an EAJA request, be directed to this court. *See* Fed. Cir.R. 47.9.

■ Although this court may award attorney fees under the Back Pay Act, we cannot do so indirectly by reviewing a board determination that it had no authority to make. As we said in *Maddox v. Merit Sys. Protection Bd.*, 759 F.2d 9, 10 (Fed.Cir.1985), "[i]f the MSPB does not have jurisdiction, then neither do we, except to the extent that we always have inherent power to determine our own jurisdiction and that of the board." We, therefore, vacate the board's decision insofar as it awarded attorney fees and denied enhancement for the services of Phillips' attorney in this court.

■ Phillips' brief indicates that the board awarded fees of $2,523.00, and denied enhancement, for proceedings before it. As to its proceedings, the board had jurisdiction to make the award. The board denied enhancement because Phillips presented insufficient evidence to establish that the relevant legal market has the standard practice of taking contingency cases. Without this showing, the board reasoned that any consideration of what enhancement factor would induce competent counsel to take contingency cases is mere speculation. Our review of the board's decision is narrow. 5 U.S.C. § 7703(c). We cannot say that the board's conclusion was arbitrary, capricious, or an abuse of discretion, or not supported by substantial evidence. Accordingly, we affirm the board's award of attorney fees for its proceedings.

### III. No. 89–3002

■ A. In the Motion filed in this court, Phillips requests attorney fees in the amount of $17,179 and seeks an enhancement of 100% of that amount. The break-

down of her attorney's hours and rates set forth in the Motion may be summarized as follows:

21.1 hours at $135 (1988)

86.7 hours at $145 (1989)

18.4 hours at $ 80

Phillips seeks the fees and enhancement under either the CSRA (5 U.S.C. § 7701(g)) or the EAJA (28 U.S.C. § 2412).[3] As we have previously observed, section 7701(g) is not a provision under which fees may be awarded for services in connection with a judicial proceeding. *Olsen*, 735 F.2d at 560–61.

B. In *Gavette v. Office of Personnel Management*, 808 F.2d 1456, 1462 (Fed.Cir. 1986) (in banc), we reaffirmed our decision in *Olsen* which held that attorney fees under the EAJA may be awarded for work in connection with the judicial review of an MSPB decision. The EAJA provides for the allowance of attorney fees in the following language:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

There is no question that Phillips is a prevailing party. Also, we are unpersuaded by the government's contention that its position was substantially justified. As we have noted, Phillips' removal was mitigated to a sixty-day suspension by the MSPB and thereafter reversed entirely in this court. *Phillips*, 878 F.2d 370.

The United States further argues that Phillips is only entitled to $2,500 in attorney fees because that is all she has paid, or is obligated to pay, to her attorney. The EAJA provides for the payment to a prevailing party of "fees and other expenses ... *incurred* by that party." (Emphasis added.) The question is whether Phillips incurred additional legal fees within the meaning of the statute.

In his affidavit submitted with the application for attorney fees, Phillips' attorney described the fee arrangement as follows:

> [I] decided to take the case on a contingency. She was to pay me $2500 of her back pay for the appeal and I was to charge her no more. The recovery would then be contingent upon success, recovery to be based upon a statutory fee award if we prevailed. We kept bookkeeping entries of my time, but once the $2500 was paid by the client, she was not responsible for further payment of our charges and no further payment was made by her during the course of the litigation.

Affidavit of Peter B. Broida, p. 6.

As the statute requires, any fee award is made to the "prevailing party," not the attorney. Thus, Phillips' attorney could not directly claim or be entitled to the award. It had to be requested on behalf of the party. With this predicate, we construe the fee arrangement between Phillips and her attorney to mean that if an award of attorney fees is obtained on her behalf she is obligated to turn it over to her attorney. In this sense, Phillips incurs the attorney fees that may be awarded her. On the other hand, if no fee award is made to her, she does not have any obligation to pay any further fees to her attorney from her own resources. *See American Ass'n of Retired Persons v. EEOC*, 873 F.2d 402,

---

**3.** Phillips' motion for attorney fees dated September 19, 1989, did not contain a request under the Back Pay Act, 5 U.S.C. § 5596. On September 12, 1990, Phillips filed a motion to amend the motion for fees to include the Back Pay Act as grounds for relief. To allow this amendment would be tantamount to allowing petitioner to file a separate action for attorney fees under the Back Pay Act twelve months late. Because the motion is untimely filed, it is denied, and we do not consider whether Phillips would have been entitled to attorney fees or enhancement under the Back Pay Act.

406 (D.C.Cir.1989). Inherent in the agreement is an intention on the part of Ms. Phillips to be obligated to her counsel for fees properly obtainable under the statute. Moreover, the policy of the statute is to pay non-enhanced fees for legal services actually rendered. *See Cornella v. Schweiker*, 728 F.2d 978, 985–87 (8th Cir. 1984).[4]

■ The question of whether fees can be awarded under the EAJA where they have not been incurred was expressly reserved in our in banc decision in *Gavette*, 808 F.2d at 1461 n. 25. In an earlier case, however, a panel of this court observed with respect to fees under 5 U.S.C. § 7701(g) that:

> The Board has held that lawyer's fees are "incurred by an employee" if they are incurred in his behalf, even though he does not pay them. *O'Donnell v. Department of Interior*, 2 M.S.P.B. 604 (1980).

*Goodrich v. Department of the Navy*, 733 F.2d 1578, 1579 (1984). Further, we hold that to be "incurred" within the meaning of a fee shifting statute, there must also be an express or implied agreement that the fee award will be paid over to the legal representative.[5] The statute does not contemplate that a fee award may be made to a party to be retained. Thus, we have held in an analogous situation that a party acting pro se is not entitled to an attorney fee award. *Naekel v. Department of Transp.*, 845 F.2d 976 (Fed.Cir.1988). We therefore conclude that Phillips incurred attorney fees within the meaning of the EAJA only in such amount as may be awarded to her. The amount of the fee award for services before this court, and whether enhancement should be allowed, will now be considered.

■ C. The EAJA contains a $75 per hour limitation on attorney fees "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The rates per hour claimed by Phillips, prior to any consideration of cost of living increases or enhancement for special factors, all exceed the $75 per hour "cap." The statute, however, constrains us to a lodestar award of $75 per hour, increased only by the cost of living adjustment. We therefore hold that Phillips is entitled to attorney fees under EAJA in a lodestar amount determined by multiplying the hours set forth above by the statutory rate increased to reflect the cost of living increase from the effective date of the passage of the EAJA to the date the services were performed.

D. Phillips further contends that the lodestar fees should be enhanced for special factors. Principally she argues that the contingency arrangement for fees warrants enhancement because of the difference in market treatment of contingent fee cases as a class, including particularly employment cases, and because of the difficulty encountered by individuals in obtaining representation in employment cases when they cannot pay fully for the services. This argument is grounded on *Pennsylvania v. Delaware Valley Citizens Council for Clean Air*, 483 U.S. 711, 107 S.Ct. 3078,

---

**4.** This is consistent with cases in which EAJA fees have been awarded to parties who have been represented on a pro bono basis. *Cornella v. Schweiker*, 728 F.2d at 985–87. It is also consistent with our decision in *Devine v. National Treasury Employees Union*, 805 F.2d 384 (Fed. Cir.1986), permitting fees to be recovered under the EAJA when an employee is represented under a prepaid legal service plan.

**5.** If the party seeking legal fees is obligated to pay them to a third party which is not the professional providing the legal service, an award under EAJA has been deemed inappropriate. Thus, in *Wall Indus., Inc. v. U.S.*, 15 Cl.Ct. 796 (1988), *aff'd without opinion*, 883 F.2d

1027 (Fed.Cir.1989), the plaintiff had a settlement agreement with its accounting firm whereby the firm paid for all litigation expenses, controlled the litigation, and would collect any money that resulted from the litigation. The Claims Court ruled that the accounting firm, which did not meet the financial requirements of the EAJA, was the real party in interest, and that fees were not incurred by plaintiff. A similar result was reached in *Securities and Exch. Comm'n v. Comserv Corp.*, 908 F.2d 1407 (8th Cir.1990), where the court found that petitioner had not incurred any fees because his legal expenses were provided for in an insurance policy carried by his employer.

97 L.Ed.2d 585 (1987), involving attorney fees under the Clean Air Act, 42 U.S.C. § 7604(d)). In the concurring opinion of Justice O'Connor, the difference in market treatment of contingent fee cases as a class was cited as a basis for enhancement.

Phillips' argument fails to take into account the limits placed on the EAJA's reimbursement of contingency fee agreements by the Supreme Court's decision in *Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). In *Pierce*, the Court stated that "the contingent nature of the fee is also too generally applicable to be regarded as a 'special' reason for exceeding the statutory cap." *Id.* at 573, 108 S.Ct. at 2554. The Court distinguished the statutory scheme in *Delaware Valley* from the EAJA and held that it was inapplicable to an EAJA award:

> This issue is quite different from the question of contingent-fee enhancement that we faced last Term, in *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711 [107 S.Ct. 3078, 97 L.Ed.2d 585] (1987) (*Delaware Valley II*). The EAJA differs from the sort of statutory scheme at issue there, not only because it contains this "special factor" requirement, but more fundamentally because it is not designed to reimburse reasonable fees without limit. Once the $75 cap is exceeded, neither the client paying a reasonable hourly fee nor the client paying a reasonable contingent fee is fully compensated.

*Id.*

In *Pierce*, the Supreme Court also rejected as "special factors" (1) the limited availability of attorneys with an extraordinary level of general lawyerly knowledge and ability useful in all litigation, (2) the novelty and difficulty of the issues, (3) the work and ability of counsel, and (4) the results obtained, because all of these factors are applicable to a broad spectrum of litigation and thus are considered to be covered by the baseline statutory rate of $75 per hour, plus a cost of living increase. 487 U.S. at 571–73, 108 S.Ct. at 2553–54. Even if we accept Phillips' claim that attorneys are often unwilling to work at an hourly rate on cases before the MSPB (caused at least in part by the frequency of nonpayment by clients), it falls short of being a "special factor" covered by the EAJA.

The Supreme Court, in *Pierce*, concluded that Congress did not intend the EAJA to completely cover attorney fees. "To the contrary, the 'special factor' formulation suggests Congress thought that $75 an hour was generally quite enough public reimbursement for lawyers' fees, whatever the local or national market might be." *Id.* at 572, 108 S.Ct. at 2554. The EAJA was not "designed to reimburse reasonable fees without limit," *id.* at 573, 108 S.Ct. at 2554, but merely to assist a litigant in paying for representation up to $75 an hour. As the Supreme Court stated, "[o]nce the $75 cap is exceeded, neither the client paying a reasonable hourly fee nor the client paying a reasonable contingent fee is fully compensated" under EAJA. *Id.*

Accordingly, in No. 89–3002, Phillips' motion for attorney fees under EAJA is granted in the lodestar amount determined in accordance with this opinion, *i.e.*, 126.2 hours at the prescribed $75 per hour rate. Both parties may submit motions to this court advising us as to the appropriate rate for the cost of living adjustment. Enhancement of this amount is denied.

## COSTS

The parties shall bear their respective costs.

No. 90–3017—AFFIRMED–IN–PART, VACATED–IN–PART AND REMANDED.

No. 89–3002—MOTION GRANTED AND ENHANCEMENT DENIED.