940 F.2d 676
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ohn J. LOKOS, Petitioner,
v.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Respondent.
 No. 90-3305.
 United States Court of Appeals, Federal Circuit.
 July 5, 1991.
 
 Before NIES, Chief Judge, COWEN, Senior Circuit Judge, and MAYER, Circuit Judge.
 DECISION
 COWEN, Senior Circuit Judge.
 
 
 1
 Following our unpublished decision in Lokos v. Equal Employment Opportunity Comm'n, No. 90-3305 (Fed.Cir. Feb. 22, 1991), Lokos brought this application for attorney fees and expenses for the services performed by his attorney in a successful appeal from a decision of the Merit Systems Protection Board (MSPB or Board). Having considered the application and the opposition thereto by the Equal Opportunity Commission (EEOC), we deny the application for the reasons to be set forth.
 
 OPINION
 
 2
 * Although Lokos has applied for attorney fees and expenses under both the Back Pay Act (BPA), 5 U.S.C. Sec. 5596, and the Equal Access to Justice Act (EAJA), 28 U.S.C. Sec. 2412, the Back Pay Act is not applicable. The EAJA applies to appeals from the Board to this court because such appeals are judicial proceedings under 28 U.S.C. Sec. 2412(d)(1)(A). Austin v. Department of Commerce, 742 F.2d 1417, 1419 (Fed.Cir.1984); Olsen v. Department of Commerce, Census Bureau, 735 F.2d 558, 562 (Fed.Cir.1984). Therefore, Lokos' right to recover the attorney fees and expenses claimed are to be determined under the provisions of the EAJA.
 
 II
 
 3
 The EAJA provides in substance that a court shall award attorney fees to a prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." It is conceded that Lokos was the prevailing party in our unpublished decision of February 22, 1991, but the mere fact that the EEOC lost the case does not show that the government's position in defending the case was not substantially justified. Broad Ave. Laundry & Tailoring v. United States, 693 F.2d 1387, 1391 (Fed.Cir.1982).
 
 III
 
 4
 In our unpublished decision of February 22, 1991, we did not review the final decision of the MSPB on the merits. Instead, we held that Lokos' statutory rights had been violated because of the Board's long delay in handing down its decision. In order to provide an equitable remedy for the delay, we adopted the finding of the MSPB administrative judge that Lokos' attorney was due the sum of $12,949 as attorney fees incurred in Lokos' initial appeal from the EEOC decision to the MSPB. We have held that in an application for attorney fees under the EAJA, where the government takes a litigating position in a case of first impression, the government was substantially justified in defending its position. Devine v. Sutermeister, 733 F.2d 892, 898 (Fed.Cir.1984). See also, Alaskan Arctic Gas Pipeline Co. v. United States, 19 Cl.Ct. 211, 219 (1990); Change-All Souls Housing Corp. v. United States, 1 Cl.Ct. 302, 304 (1982). Clearly, our decision in favor of Lokos was in a case of first impression. There are no other decisions by this court, or in any other court to our knowledge, holding that the EEOC, the employing agency, was responsible for the delay caused by an administrative tribunal, here, the MSPB. Consequently, adherence to precedent requires us to deny Lokos' application. Since the cases cited are dispositive of the issue before us, we need not address the other contentions of the parties.
 
 IV
 
 5
 We recognize that as a result of our decision, Lokos' current attorney has been awarded nothing for the services he performed in appealing the decision of the MSPB to this court, despite the fact that he was successful in obtaining a judgment which requires the EEOC to pay Bruce Endy, Lokos' attorney in the administrative proceedings, the sum of $12,949. Lokos' attorney may feel that he has been treated unfairly. However, we are not empowered to carve out exceptions to the EAJA based on equitable considerations in a particular case.