NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

—————————

**JOCELYN LISA DOYLE,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

—————————

2022-1844, 2022-1901, 2023-1311

—————————

Petitions for review of the Merit Systems Protection Board in Nos. PH-1221-18-0012-A-1, PH-1221-18-0012-P-2, PH-1221-23-0051-W-1.

-----------------------------------------------

**JOCELYN LISA DOYLE,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

—————————

2023-1204

—————————

Petition for review of the Merit Systems Protection Board in No. PH-3443-17-0116-I-1.

———————————

Decided:  July 1, 2024

———————————

JOCELYN LISA DOYLE, Boonsboro, MD, pro se.

DANIEL FALKNOR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent Department of Veterans Affairs. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, DEBORAH ANN BYNUM, WILLIAM JAMES GRIMALDI, KELLY A. KRYSTYNIAK, PATRICIA M. MCCARTHY, DELISA SANCHEZ.

ELIZABETH W. FLETCHER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent Merit Systems Protection Board. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

———————————

Before REYNA, HUGHES, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

In this consolidated appeal, Jocelyn Lisa Doyle proceeds pro se and challenges four separate decisions by the Merit Systems Protection Board. All four appeals stem from Ms. Doyle's employment with the Department of Veterans Affairs during the period of 2015 through 2018. We affirm all four decisions.

BACKGROUND

The four decisions Ms. Doyle challenges on appeal concern consequential damages, attorney's fees, jurisdiction, and res judicata. Giving rise to these decisions are Ms. Doyle's non-selection claim and two individual right of action claims she brought before the Merit Systems Protection Board ("MSPB" or "Board"). We discuss each claim and the four Board decisions below.

## A. Non-Selection Claim

On July 26, 2015, Ms. Doyle was appointed a GS-6 dental assistant at the Martinsburg, West Virginia medical center within the Department of Veterans Affairs ("VA"). Case No. 22–1844, S.Appx16.[1] On September 27, 2016, Ms. Doyle applied for the position of Lead Dental Assistant, which is an excepted-service position. Ms. Doyle was not selected for the position. On December 12, 2016, Ms. Doyle challenged the VA's non-selection decision before the Board ("non-selection claim").

On April 26, 2017, the administrative judge ("AJ") dismissed Ms. Doyle's non-selection claim for lack of jurisdiction. Ms. Doyle filed a petition for review to the full Board, in which she argued that the VA's failure to select her as Lead Dental Assistant violated the Whistleblower Protection Act of 1989 ("WPA"), the Whistleblower Protection Enhancement Act of 2012 ("WPEA"), and the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"). Case No. 23–1204, S.Appx74.

On November 15, 2022, the Board denied Ms. Doyle's petition, noting that it lacked jurisdiction over Ms. Doyle's non-selection claim and that the USERRA did not apply to Ms. Doyle because she was not a veteran nor claimed to be

---

[1] "S.Appx" citations refer to the appendix filed concurrently with respondent's brief in the respective appeal.

a member of the armed services ("November 2022 Jurisdictional Decision"). The Board, however, recognized that Ms. Doyle alleged a whistleblower reprisal claim when arguing that the VA violated the WPA and WPEA. The Board forwarded that allegation to the Board's Northeastern Regional Office to be docketed as an individual right of action ("IRA") claim. This IRA claim is discussed below as the "second IRA claim." *See infra*, Section B.ii.

## B.  IRA Claims

In December 2016, the same month Ms. Doyle brought her non-selection claim before the Board, Ms. Doyle made a disclosure to the Safety Office about unsafe blade removal practices by the dental team, practices she observed as a dental assistant. This disclosure led the VA to investigate into these practices and to temporarily reassign Ms. Doyle to other positions that did not involve patient care. The investigation concluded that the dental department was not a healthy environment for Ms. Doyle. She then agreed with the agency to serve as a GS-6 Advanced Medical Support Assistant starting on September 3, 2017. [2]

i

On October 17, 2017, Ms. Doyle filed an IRA claim with the Board, alleging that her disclosure concerning unsafe blade practices was a protected disclosure and that the VA took retaliatory action in response to her whistleblowing ("first IRA claim"). Before the Board, Ms. Doyle argued that the retaliatory action included non-selection for the Lead Dental Assistant position and other personnel

---

[2]  Ms. Doyle was removed from this position on September 20, 2018. Ms. Doyle challenged the VA's removal decision in a separate action that is not at issue in this consolidated appeal.

actions, such as adverse performance evaluations and a retaliatory investigation.

In June 2019, the Board determined there was no retaliatory conduct. Concerning Ms. Doyle's allegation that the VA retaliated against her when it did not hire her as Lead Dental Assistant, the Board noted that Ms. Doyle was not selected for the position *before* she made a disclosure in December 2016. And even if Ms. Doyle's alleged "suggestions" to her supervisors in the months before the non-selection decision rose to a protected disclosure, the Board determined that the "evidence is overwhelming that the agency would have made the same decision in the absence of the disclosure/protected activity." Case No. 23–1311, S.Appx23.

Ms. Doyle appealed portions of the Board's decision to this court. *Doyle v. Dep't of Veterans Affs.*, 855 F. App'x 753, 753 (Fed. Cir. 2021); *see also* Case No. 23–1311, S.Appx53 & n.2 (noting in her appeal brief that she sought review of a performance evaluation, a retaliatory investigation, two reassignments to non-patient care duties, and a retaliatory hostile work environment). Ms. Doyle did not challenge the Board's determination that the VA did not retaliate against Ms. Doyle when the VA did not select her as Lead Dental Assistant. On appeal, Ms. Doyle obtained legal representation by the Federal Practice Group. On May 14, 2021, this court reversed the Board's decision as unsupported by substantial evidence. *Doyle*, 855 F. App'x at 762.

On remand, Ms. Doyle was legally represented for a brief period. The firm withdrew its representation in November 2021. In its December 14, 2021, remand order, the Board determined that Ms. Doyle's IRA claim was meritorious and granted corrective action. The Board's remand order became final, with no party appealing that decision. Ms. Doyle then moved for consequential damages, which the Board denied ("March 2022 Consequential Damages

Decision"). Ms. Doyle also moved for attorney's fees, which the Board granted in part ("April 2022 Attorney's Fees Decision").

ii

On November 18, 2022, the Board's Northeastern Regional Office received and docketed Ms. Doyle's second IRA claim that the VA's failure to appoint her as the Lead Dental Assistant was retaliatory.[3] The AJ issued a show cause order, asking Ms. Doyle to explain why this IRA claim should not be barred under the doctrines of res judicata or collateral estoppel in light of her first IRA claim, filed back on October 17, 2017.

In response, Ms. Doyle did not address whether her second IRA claim was barred by res judicata or collateral estoppel but instead listed and summarized various claims she brought before different forums over the years. In December 2022, the Board dismissed Ms. Doyle's second IRA claim on grounds of res judicata ("December 2022 Res Judicata Decision").

## C. The Current Appeals

Ms. Doyle challenges the Board's (1) March 2022 Consequential Damages Decision, docketed as the 22–1844 appeal; (2) April 2022 Attorney's Fees Decision, docketed as the 22–1901 appeal; (3) November 2022 Jurisdictional Decision, docketed as the 23–1204 appeal; and (4) December 2022 Res Judicata Decision, docketed as the 23–1311 appeal. On April 10, 2024, we consolidated these four appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

---

[3] As previously discussed, on November 15, 2022, the Board separated this IRA claim from Ms. Doyle's non-selection claim and forwarded it to the Northeastern Regional Office for docketing.

## DISCUSSION

Our review of Board decisions is limited. 5 U.S.C. § 7703(c). We set aside a Board decision only when it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Id.*

### A.  March 2022 Consequential Damages Decision

In the 22–1844 appeal, Ms. Doyle challenges the Board's March 2022 Consequential Damages Decision. In her motion below, Ms. Doyle sought consequential damages in connection with her first IRA claim for back pay and benefits, medical and travel expenses, and various other out-of-pocket costs, including attorney's fees, restoration of leave, spending for jewelry, an alarm system, an emotional support animal, home maintenance/repair costs, as well as recovery of investment losses, credit card debt, and poor credit score. Ms. Doyle also sought promotion to a GS-13 position as a form of consequential damages. Case No. 22–1844, Appellee Br. 10. The Board found there was no indication that Ms. Doyle had lost any pay or benefits. The Board also declined to address any medical and travel expenses because they would be addressed in other proceedings. The Board then denied Ms. Doyle's motion for consequential damages because Ms. Doyle failed to establish that she incurred costs that were reasonable, foreseeable, and causally related to the agency's adverse actions at issue in her first IRA claim.

Upon a finding of whistleblower reprisal, the Board may award "back pay and related benefits, medical costs incurred, travel expenses, [and] any other reasonable and foreseeable consequential damages." 5 U.S.C. § 1221(g)(1)(A)(ii). This court has interpreted "any other reasonable and foreseeable consequential damages" to cover only items "similar in nature" to the specific items listed in the statute, i.e., back pay and related benefits,

medical costs incurred, and travel expenses. *Bohac v. Dep't of Agric.*, 239 F.3d 1334, 1342 (Fed. Cir. 2001). "Consequential damages" under § 1221(g) does not include non-pecuniary damages, such as damages relating to emotional distress. *Id.* Non-pecuniary damages may be recoverable as compensatory damages. 5 C.F.R. § 1201.202(c).

Ms. Doyle fails to show that the Board's decision denying her motion for consequential damages was erroneous. The various expenses Ms. Doyle sought below and now seeks on appeal do not fall within the category of consequential damages permitted by law. *See* 5 U.S.C. § 1221(g)(1)(A)(ii); *see also Bohac*, 239 F.3d at 1343. We see no error in the Board's determination (1) to decline to address certain costs that would be addressed in other proceedings and (2) that Ms. Doyle's remaining costs were not reasonable, foreseeable, and causally related to the agency's retaliatory actions. We affirm the Board's denial of Ms. Doyle's motion for consequential damages.

## B. April 2022 Attorney's Fees Decision

In the 22–1901 appeal, Ms. Doyle challenges the Board's April 2022 Attorney's Fees Decision, which granted in part Ms. Doyle's request for attorney's fees. Below, Ms. Doyle sought attorney's fees for her representation during her appeal of her first IRA claim to the Federal Circuit and during the remand proceedings before the Board. The Board did not award attorney's fees for the appeal period, noting that fees incurred during a proceeding before the Federal Circuit are not compensable by the Board. The Board awarded Ms. Doyle fees for the period she was represented during the remand proceedings.

On appeal, Ms. Doyle fails to show that the Board's decision granting in part her motion for attorney's fees was erroneous. First, Ms. Doyle cannot recover attorney's fees from the MSPB for her legal representation before this court. *See, e.g.*, *Phillips v. Gen. Servs. Admin.*, 924 F.2d 1577, 1581 (Fed. Cir. 1991) (noting that a request for

attorney's fees for services rendered in judicial proceedings on appeal must be directed to the Federal Circuit and not the MSPB). Second, the Board's award of attorney's fees for the remand period is supported by substantial evidence. The Board relied on an affidavit by Ms. Doyle's former attorney concerning her billing rates and the record of billed hours, as well as Ms. Doyle's fee agreement with the law firm.

Ms. Doyle argues that the Board's attorney's fees decision is flawed because Ms. Doyle's former attorney provided her with "fraudulent[]/falsif[ied]" invoices and otherwise failed to adequately represent her interests. Case No. 22–1901, Appellant Br. 9–10. Ms. Doyle, however, provides no explanation or legal support for why she is entitled to recover additional attorney's fees from the government for allegedly fraudulent charges she paid to her attorney. We fail to see any basis for this argument. We affirm the Board's decision granting in part Ms. Doyle's motion for attorney's fees.

### C. November 2022 Jurisdictional Decision

In the 23–1204 appeal, Ms. Doyle challenges the Board's November 2022 Jurisdictional Decision in connection with her non-selection claim. In this decision, the Board denied Ms. Doyle's petition for review of her non-selection claim, affirming the AJ's dismissal for lack of jurisdiction. Below, Ms. Doyle argued that the VA's failure to select her as Lead Dental Assistant violated employment practice requirements in 5 C.F.R § 300.103. Ms. Doyle further argued that the VA violated her rights under the USERRA, WPA, and WPEA. The Board determined that it generally lacks jurisdiction over non-selection claims and that Ms. Doyle did not present any valid exception to that rule, including her reliance on the USERRA and her allegations of flawed employment practices. The Board, however, transferred Ms. Doyle's allegation of a violation of the

WPA and WPEA to the Northeastern Regional Office to be docketed as a separate IRA claim.

Generally, the Board has no authority to review an agency's failure to select a candidate for a vacant position. *Ricci v. Merit Sys. Prot. Bd.*, 953 F.3d 753, 756–57 (Fed. Cir. 2020). Thus, claims of an unlawful selection process ordinarily must be filed in other forums. *Id.* at 757. There are exceptions to this rule, such as when an individual claims that he was denied an appointment or promotion because of a protected disclosure. *Prewitt v. Merit Sys. Prot. Bd.*, 133 F.3d 885, 886 (Fed. Cir. 1998). Another exception is when an individual frames his non-selection claim as an allegation that the agency applied an "employment practice" that violates a basic requirement in 5 C.F.R. § 300.103. 5 C.F.R. § 300.104(a). To establish jurisdiction over such an employment practice appeal, the individual must allege, in addition to other requirements, that the actions at issue constitute "employment practices . . . that affect the recruitment, measurement, ranking, and selection of individuals for initial appointment and competitive promotion in *the competitive service.*" 5 C.F.R. § 300.101 (emphasis added); *Prewitt*, 133 F.3d at 887. Finally, a person whose rights under the USERRA have been violated by a federal executive agency has a right to appeal to the Board. 38 U.S.C. § 4324(a). The USERRA provides certain employment protections to any "person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service." *Id.* § 4311(a).

Ms. Doyle fails to show that the Board's denial for lack of jurisdiction was erroneous. No exception to the general rule that non-selection claims fall outside of the Board's jurisdiction applies here. First, Ms. Doyle has not argued, nor is there any evidence in the record, that she satisfies any of the conditions of 38 U.S.C. § 4311 such that the USERRA would be triggered here. Second, the employment practice regulation at 5 C.F.R. § 300.103 does not

apply here. That regulation only applies to competitive service positions, and here, there is no dispute that the Lead Dental Assistant position was an excepted service position not subject to such regulatory requirements. Finally, Ms. Doyle does not challenge on appeal the Board's transfer of her allegations concerning the WPA and WPEA to the Northeastern Regional Office. We affirm the Board's denial of Ms. Doyle's petition for review of her non-selection claim for lack of jurisdiction.

### D. December 2022 Res Judicata Decision

In the 23–1311 appeal, Ms. Doyle challenges the Board's December 2022 Res Judicata Decision. Below, Ms. Doyle's second IRA claim was docketed before the Board's Northeastern Regional Office. The Board ordered Ms. Doyle to submit evidence explaining why this second IRA claim was not barred under the doctrines of res judicata and collateral estoppel in light of her first IRA claim. Ms. Doyle did not address this question in her response but rather provided a list and detailed summary of her various claims before different forums throughout the years. The Board dismissed Ms. Doyle's second IRA claim on res judicata grounds.

The application of the doctrine of res judicata is a question of law, which we review de novo. *Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed. Cir. 2003). The doctrine of res judicata, or claim preclusion, bars re-litigation of issues that were, or could have been, raised in a prior action. *Carson v. Dep't of Energy*, 398 F.3d 1369, 1375 (Fed. Cir. 2005). This doctrine applies when: "(1) the prior decision was rendered by a forum with competent jurisdiction; (2) the prior decision was a final decision on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases." *Id.*

All three elements of the doctrine are met here. To start, Ms. Doyle's first IRA claim was decided by a forum of competent jurisdiction: the MSPB. Second, Ms. Doyle's

first IRA claim resulted in a final decision on the merits. The Board determined in its June 2019 decision that the VA's non-selection of Ms. Doyle as Lead Dental Assistant was not retaliatory. Ms. Doyle did not appeal this issue to the Federal Circuit. Thus, this part of the Board's decision is now final for purposes of res judicata. *See Carson*, 398 F.3d at 1376 (noting that by failing to raise certain grounds of an MSPB order on appeal to this court, petitioner waived them in a subsequent action). Lastly, the same cause of action and same parties are involved in Ms. Doyle's first and second IRA claims. Both claims allege that the VA engaged in retaliatory action when the VA failed to select Ms. Doyle as Lead Dental Assistant. And Ms. Doyle and the VA were the parties to both claims before the Board. For these reasons, we determine that Ms. Doyle's second IRA claim is barred under res judicata.

## CONCLUSION

We have considered Ms. Doyle's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the Board's decisions in all four appeals.

## **AFFIRMED**

### COSTS

No costs.