Edmund J. **GARSTKIEWICZ**, Petitioner,

v.

## UNITED STATES POSTAL SERVICE, Respondent.

No. 92–3083.

United States Court of Appeals, Federal Circuit.

Dec. 8, 1992.

John P. Gamlin, John P. DiFalco & Associates, P.C., Fort Collins, CO, submitted, for petitioner.

Joan C. Goodrich, Sr. Atty., Office of Labor Law, U.S. Postal Service, Washington, DC, submitted, for respondent. With her on the brief, were Stuart M. Gerson, Asst. Atty. Gen., Dept. of Justice and R. Andrew German, Asst. Gen. Counsel. Of counsel were James M. Kinsella, Atty., and David M. Cohen, Director.

Before NEWMAN, Circuit Judge, BENNETT, Senior Circuit Judge, and ARCHER, Circuit Judge.

PAULINE NEWMAN, Circuit Judge.

Edmund J. Garstkiewicz appeals the decision of the Merit Systems Protection Board denying his petition for attorney fees incurred in connection with an enforcement proceeding.[1] We reverse the Board's decision.

### Background

Following an action brought by Mr. Garstkiewicz before the Merit Systems Protection Board, by Order dated May 4, 1990 the United States Postal Service was directed to cancel Mr. Garstkiewicz's demotion and to pay an appropriate amount of back pay with interest, no later than sixty calendar days after May 4, in accordance with the following terms:

> We also ORDER the agency to issue a check to the appellant for the appropriate amount of back pay, interest on back pay, and other benefits under Postal Service regulations, no later than 60 calendar days after the date of this decision.

We ORDER the appellant to cooperate in good faith in the agency's efforts to compute the amount of back pay, interest and benefits due, and to provide all necessary information the agency requests to help it comply. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to issue a check to the appellant for the undisputed amount no later than 60 calendar days after the date of this decision.

> We further ORDER the agency to inform the appellant in writing of all actions taken to comply with the Board's Order and of the date on which the agency believes it has fully complied. If not notified, the appellant should ask the agency about its efforts to comply.

*Garstkiewicz v. United States Postal Serv.*, 45 M.S.P.R. 113, 116 (1990).

The 60 day period ended on July 3, 1990 without any payment, in any amount, to Mr. Garstkiewicz, or any information from the agency as to its actions taken toward compliance with the Board's Order. There is no assertion that Mr. Garstkiewicz failed to cooperate with the agency during this period, or that there was any dispute as to the amount.

On July 10, 1990 Mr. Garstkiewicz filed an enforcement proceeding with the Board. The Postal Service paid the requisite amount to Mr. Garstkiewicz, in three payments, made on August 17, August 31, and October 15, 1990. In light of these payments the Board dismissed the enforcement proceeding as moot. *Garstkiewicz v. United States Postal Serv.*, 46 M.S.P.R. 689 (1991). Mr. Garstkiewicz then filed a petition for attorney fees incurred in the enforcement proceeding, in accordance with 5 U.S.C. § 7701(g)(1):

> [T]he Board ... may require payment by the agency involved of reasonable attorney fees incurred by an employee ... if the employee ... is the prevailing party and the Board ... determines that payment by the agency is warranted in the interest of justice.

---

1. *Garstkiewicz v. United States Postal Serv.*, 51 M.S.P.R. 18 (1991).

The Board denied the petition, and this appeal followed.

## I

■ The Board held that Mr. Garstkiewicz was not a "prevailing party" in terms of 5 U.S.C. § 7701(g)(1), since he did not establish "that payment would not have been made in absence of the compliance proceedings". The Postal Service states that Mr. Garstkiewicz had to prove that the Postal Service would not have eventually complied with the Board's Order, in order to support the award of attorney fees for the enforcement action. We can not agree, for the agency had not complied with any aspect of the Board's Order before the filing of the enforcement proceeding. *See Cuthbertson v. Merit Systems Protection Board*, 784 F.2d 370 (Fed.Cir.1986) (holding that petitioner was prevailing party when appeal did not go to decision because of settlement).

The agency stated, before the administrative judge, that it had taken action toward compliance on May 29, 1990 by supplying salary information to the Postal Data Center so that Mr. Garstkiewicz's pay history could be constructed. Mr. Garstkiewicz points out that the record shows no action whatsoever by the Postal Service toward compliance, until after the July 3, 1990 deadline had passed and after the enforcement proceeding was filed.

The administrative judge's finding that the Postal Service started the compliance process on May 29 is not supported by any evidence of record. We discern only the statements of the agency's representative before the Board. The records included in the Appendix are dated well after the initiation of the enforcement proceeding. The Postal Service has identified no entry referring to any submission of data on May 29. If such an entry is present in these records, which are computer prints, the Postal Service had and has an obligation to identify it. In so routine a matter as the making of payroll calculations, the absence of documentary evidence is significant.

Even had this purported initial step toward calculation of back pay been taken on May 29, nothing else is asserted to have been done before the July 3 deadline or the filing of this enforcement proceeding. No action of partial compliance was taken, and no report of actions taken was communicated to Mr. Garstkiewicz, all as required in the Board's Order. The agency has offered no explanation of its violation of the several parts of the Board's Order, but instead faults Mr. Garstkiewicz for not inquiring of the agency after the deadline had passed.

The statute does not place on the petitioner the burden of proving what the agency would not have done, when the passing of the Board's deadline had already established noncompliance by the agency. The burden of compliance with the Board's Order was not upon Mr. Garstkiewicz, but upon the Postal Service. It is undisputed that payment was not made as the Board's Order required, and that the other provisions of the Board's Order were not complied with.

The integrity of the Merit Systems administrative process requires that the Board's Orders be respected, and compliance enforced. The interest of justice is served by the award of attorney fees when the agency delays its compliance beyond the date set by order of the Board. *Harris v. Department of Agriculture*, 40 M.S.P.R. 604, 610 (1989) ("If the agency had met the Board's deadline, the appellant would not have had to seek enforcement", thereby incurring additional expenses); *Alfaro v. Department of Transp.*, 26 M.S.P.R. 347, 350 (1985) ("[W]here the agency engaged in delaying procedures rather than complying with Board's final order, an award of attorney fees is warranted in the interest of justice. To deny such an award would be to penalize the employee for the agency's actions").

The Board erred in denying recovery of the attorney fees incurred in the enforcement action. Accordingly, the Board's decision is reversed, and attorney fees are awarded in accordance with 5 U.S.C. § 7701(g)(1).

## II

 Mr. Garstkiewicz filed an itemized listing of the legal services and expenses incurred. The hourly fees totalled $1,781.25 (14.25 hours charged at $125 per hour). The total expenses of $45.01 included telephone, telefax, postage, and photocopying costs. The agency does not contest the time, hourly charges, or expenses, except for the photocopying costs of $17.70. In *Naekel v. Department of Transp.*, 845 F.2d 976, 980 (Fed.Cir.1988) this court held that items classified by Federal Rule as taxable costs, such as photocopying, are not recoverable as "expenses" in a Board action under the Back Pay Act, 5 U.S.C. § 5596(b)(1)(A). *See also Bennett v. Department of Navy*, 699 F.2d 1140, 1146 (Fed.Cir.1983). Bound by this precedent, we exclude the photocopying amount of $17.70. Since the remaining sum is not in dispute, there is "no reason to remand to the Board to perform the ministerial function of awarding the fee". *Olsen v. Department of Commerce*, 735 F.2d 558, 563 (Fed.Cir.1984).

The Postal Service shall pay $1,808.56 in attorney fees and expenses. Payment shall be made no later than 20 days after the date of this decision.

## III

 Mr. Garstkiewicz requests attorney fees incurred in this appeal. The Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Applying the requirements of this Act, we conclude that Mr. Garstkiewicz is the prevailing party, and that the agency's position was not substantially justified. *See Pierce v. Underwood*, 487 U.S. 552, 560, 108 S.Ct. 2541, 2547, 101 L.Ed.2d 490 (1988) (whether the government's position was substantially justified "will turn upon not merely what was the law, but what was the evidence regarding the facts.")

Mr. Garstkiewicz may file an appropriate accounting with this court.

### Costs

Taxable costs to petitioner.

REVERSED.