**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KEVIN GRAY,

Appellant,

v.

DEPARTMENT OF DEFENSE,

Agency.

DOCKET NUMBER
CH-0752-12-0050-A-1

DATE: February 25, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Phillip R. Kete, Esquire, Washington, D.C., for the appellant.

Cynthia C. Cummings, Esquire, Indianapolis, Indiana, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which granted his motion for attorney fees, but did not award the full amount he originally requested.  For the reasons discussed below, we GRANT the appellant's petition for review and AFFIRM the initial decision AS MODIFIED.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

Except as expressly MODIFIED by this Final Order, the initial decision is the Board's final decision.

## BACKGROUND

¶2    The appellant previously filed a petition for enforcement seeking to enforce the terms of a settlement agreement that resolved his removal appeal. *Gray v. Department of Defense*, MSPB Docket No. CH-0752-12-0050-C-1, Compliance File (CF), Tab 1; *see* MSPB Docket No. CH-0752-12-0050-I-1, Initial Appeal File, Tab 35 (Global Settlement Agreement).  In particular, he sought to expunge Standard Form (SF) 50s and SF-52s reflecting the adverse actions at issue in the appeal from his electronic and physical personnel files.  CF, Tab 1.  The administrative judge later dismissed the appellant's petition for enforcement as moot.  CF, Tab 18, Compliance Initial Decision (CID).  She found that the agency materially breached the terms of the settlement agreement when it failed to timely remove the SF-50s and SF-52s.  CID at 4-5.  However, the administrative judge dismissed the petition as moot because the agency complied with the agreement after the appellant filed the petition for enforcement.  CID at 5.

¶3    The appellant filed this petition for attorney fees incurred in bringing the enforcement action pursuant to 5 U.S.C. §7701(g).  Attorney Fees File (AFF), Tab 1.  The agency responded in opposition to the petition, arguing, inter alia, that the settlement agreement barred the appellant's claim for a fee award, that it did not breach the settlement agreement because it was not required to remove SF-52s from the appellant's personnel files, and that the amount of fees requested was unreasonable.  AFF, Tab 8 at 8-12.  The appellant replied that the amount of fees requested was reasonable, that the agency was required to remove the SF-52s from the appellant's personnel files, and that the right to fees is not affected by any financial terms in the settlement agreement.  AFF, Tab 9 at 4-7.

¶4    The administrative judge issued an order notifying the appellant that certain hours requested in his fee petition appeared to be unreasonable.  AFF, Tab 12.

The appellant responded to the order, arguing that the requested fee award was indeed reasonable. AFF, Tab 13. The administrative judge issued an initial decision granting attorney fees, but reducing the overall amount based upon certain hours claimed by the appellant's counsel that she considered unreasonable. IAF, Tab 15, Attorney Fee Initial Decision (AFID).

¶5 The appellant petitioned for review, arguing that he should be entitled to the full fee amount that he requested as well as fees incurred in filing the petition for review. Petition for Review (PFR) File, Tab 4. The agency responded, arguing that the administrative judge properly reduced the fee amount. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 In a motion for attorney fees arising out of a petition for enforcement, an appellant bears the burden of proving his entitlement to attorney fees by showing that: (1) an attorney-client relationship existed and fees were incurred; (2) he is the prevailing party; (3) an award of fees is warranted in the interest of justice; and (4) the fees are reasonable. *Shelton v. Environmental Protection Agency*, 115 M.S.P.R. 177, ¶ 12 (2010). With respect to fees incurred below, the administrative judge found, and we agree, that an attorney-client relationship existed in which fees were incurred and that an award is warranted in the interest of justice. AFID at 3-4 (citing *Kruger v. Department of Veterans Affairs*, 95 M.S.P.R. 471, ¶ 8 (2004)).

¶7 The Board has held that its oversight of the parties' compliance efforts provides the petition for enforcement process with sufficient Board imprimatur to allow an appellant to qualify as a "prevailing party" under 5 U.S.C. § 7701(g)(1) even in the absence of a Board order finding the agency in noncompliance. *Mynard v. Office of Personnel Management*, 108 M.S.P.R. 58, ¶ 17 (2008). Where the agency eventually does comply with the settlement agreement, the appellant is not required to establish that the agency's eventual compliance was causally related to his petition for enforcement in order to establish that he is the

prevailing party. *Shelton*, 115 M.S.P.R. 177, ¶ 12. We therefore find that the appellant is the prevailing party. *See Garstkiewicz v. U.S. Postal Service*, 981 F.2d 528, 531 (Fed. Cir. 1992) (awarding attorney fees in an enforcement action and stating that "[t]he interest of justice is served by the award of attorney fees when the agency delays its compliance beyond the date set by order of the Board"). Accordingly, the only issue remaining for decision on review with respect to attorney fees incurred below is whether the fees requested are reasonable.

¶8        In determining the reasonableness of a fee request, the Board uses the "lodestar" method, in which the hours reasonably spent on the litigation are multiplied by the attorney's reasonable hourly rate. *See Driscoll v. U.S. Postal Service*, 116 M.S.P.R. 662, ¶ 10 (2011). Here, the administrative judge found that the appellant established, through both the Laffey Matrix and the affidavit of counsel, that his reasonable hourly rate was $510 per hour. AFID at 4 (citing AFF, Tab 1). The agency does not dispute this finding and we see no reason to disturb it.

<u>The administrative judge should have awarded $24,021.00 in fees for 47.1 hours of work in connection with the November 2013 petition for enforcement.</u>

¶9        The burden of establishing the reasonableness of the hours claimed is on the party moving for an award of fees. *Driscoll*, 116 M.S.P.R. 662, ¶ 10. Where a fee petition relates to a matter, like the compliance proceeding here, in which no hearing was held, we need not defer to the administrative judge's determination as to the reasonableness of the claimed hours. *Gubino v. Department of Transportation*, 85 M.S.P.R. 518, ¶ 26 (2000). We therefore consider the administrative judge's reduction of the claimed hours in light of the appellant's arguments on review.

¶10        In the initial decision, the administrative judge granted fees in the amount of $19,941.00 based upon 39.1 hours as opposed to the requested $26,622.00 for 52.2 hours. AFID at 6. We find that some of this reduction was in error. First,

we find that the record does not support the administrative judge's reduction of hours from 4.7 to 2.0 for preparation of the fee petition on March 28 and March 31, 2014. The administrative judge found that counsel could have updated his petition from the previous appeal and that he had already spent 1.8 hours researching the issues involved in the petition. AFID at 4. However, we agree with the appellant that, despite copying some portions from the previous appeal, the hours he spent on the fee petition were reasonable. This is especially true considering that the petition contained case law concerning the availability of fees in an enforcement action such as this, as well as the chronology of the enforcement effort (which he detailed in order to establish the delay in the agency's compliance). PFR File, Tab 4 at 11-12; *see* AFF, Tab 1. Accordingly, we restore the full 4.7 hours claimed by the appellant for preparation of the fee petition. *See Howard v. Office of Personnel Management*, 79 M.S.P.R. 172, ¶ 7 (1998) (finding that the administrative judge erred in reducing the number of hours reasonably spent in preparing a motion for attorney fees).

¶11  With respect to the administrative judge's reduction of 7.1 hours to 2.0 hours for time spent between January 27 and February 13, 2014, we find that the record reflects that these hours were properly reduced. *See Guy v. Department of the Army*, 118 M.S.P.R. 45, ¶ 11 (2012) (an administrative judge may disallow claimed hours for duplication, padding, or frivolous claims). Counsel claimed 3.0 hours for drafting a motion for urgent action on January 27, 2014, 3.0 total hours from February 4 to February 5, 2014, for responding to the agency's compliance report filed in response to the administrative judge's order on the motion, and 1.1 hours for preparing for a conference call on February 13, 2014. AFF, Tab 1 at 16. The administrative judge reduced these hours, awarding 2.0 hours for drafting the urgent action motion and response to the agency's compliance report, because she found that counsel had previously researched these issues. AFID at 5. On review, the appellant argues, inter alia, that the

hours expended were reasonable, particularly considering that the motion was successful.  PFR File, Tab 4 at 14-16.

¶12    We find that it was reasonable for the attorney to draft the urgent action motion, respond to the compliance report, and spend time preparing for the conference call on February 13, 2014.  However, we agree with the administrative judge that it was not reasonable to spend 7.1 hours on these tasks considering counsel's prior related work and our review of both the resulting work products and the administrative judge's summary of the conference call.  *See Rose v. Department of the Navy*, 47 M.S.P.R. 5, 14 (1991) (the administrative judge did not err in finding the requested hours for a second oral reply were excessive where the claimed hours were largely repetitious of prior claimed hours); *see also* CF, Tabs 7, 10-11.  The administrative judge therefore properly reduced the 7.1 claimed hours to 2.0 hours.[2]

¶13    Next, we agree with the administrative judge that the appellant is entitled to fees for the 4.5 hours spent preparing his response to the administrative judge's order concerning the reasonableness of the fee request.  AFID at 6; *see Hanson v. Department of Transportation*, 28 M.S.P.R. 176, 181 (1985) (awarding fees for time reasonably spent responding to order with respect to the reasonableness of requested fees).  We note that the administrative judge did not include the 5.4 hours requested by the appellant for drafting a reply to the agency's opposition to his petition for attorney fees, but did not provide an explanation for the exclusion.  AFID at 5-6; *see* AFF, Tab 9 at 7.  On review, the appellant questions why these hours were excluded without explanation.  PFR File, Tab 4 at 5.  The administrative judge stated in her status conference that the 5.4 hours counsel recorded for a reply to the agency's opposition to the petition for attorney

---

[2] We note the appellant's argument that he was not provided adequate *Driscoll* notice of those hours that the administrative judge found to be objectionable.  PFR File, Tab 4 at 10, 14.  However, the administrative judge issued an order advising the appellant that the number of hours requested appeared excessive and ordering him to justify certain specified hours.  AFF, Tab 12.  Therefore, the appellant's argument is not persuasive.

fees were questionable because the agency did not cite a single case in support of its argument. AFF, Tab 12. However, although the agency did not cite any case law in its opposition, the appellant cited case law in support of his position that the appellant was entitled to the compliance sought under the settlement agreement and in support of entitlement to fees based upon the compliance obtained. *Id*. Accordingly, we find that counsel reasonably spent 5.4 hours preparing a reply to the agency's opposition to the petition for attorney fees and that an additional $2,754.00 in fees for 5.4 hours previously excluded by the administrative judge should have been awarded. *See generally Blackman v. U.S. Postal Service*, 67 M.S.P.R. 382, 386 (1995) (correcting two mistakes made by the administrative judge in calculating the attorney fee).

The appellant is entitled to $3,876.00 in fees for 7.6 hours of work in connection with the petition for review.

¶14        On review, the appellant requests an additional award of fees for fees incurred in connection with this petition for review. PFR File, Tab 4. The agency, although notified of this request, argued that the appellant's petition should be denied, but did not address the appellant's entitlement to fees for the petition for review. PFR File, Tab 5. Because the appellant prevailed on review by receiving an additional award of fees, we find that he is a prevailing party entitled to additional fees incurred in pursuing the petition for review. *See Holliman v. U.S. Postal Service*, 81 M.S.P.R. 637, ¶ 6 (1999) (awarding fees and costs with respect to a successful petition for review with respect to fees). Furthermore, we find that the significant difference between the award below compared to the award on review makes an additional award of fees in the interest of justice. *Cf. Garcia v. U.S. Postal Service*, 83 M.S.P.R. 458, ¶ 8 (1999) (finding that it was not in the interest of justice to award attorney fees on petition for review where the appellant prevailed only to the extent that he received an additional $12.66 in costs). Lastly, we must consider the reasonableness of the

requested fee award.[3] *See Holliman*, [81 M.S.P.R. 637](), ¶ 6. The appellant requests a fee award based upon 10.1 hours of work. PFR File, Tab 4 at 19. Included in this request are 2.5 hours spent on a petition for review that was subsequently replaced by another version of the petition for review.[4] *Id*. We find that these hours are duplicative, and therefore the appellant is not entitled to fees for the 2.5 hours in question. However, we find that the remaining 7.6 hours requested by the appellant are reasonable, and therefore award an additional $3,876.00 in fees.

## ORDER

¶15 We ORDER the agency to pay the attorney of record $27,897.00 in fees. The agency must complete this action no later than 20 days after the date of this decision. *See generally* Title 5 of the United States Code, section 1204(a)(2) ([5 U.S.C. § 1204](a)(2)).

¶16 We also ORDER the agency to tell the appellant and the attorney promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order. We ORDER the appellant and the attorney to provide all necessary information that the agency requests to help it carry out the Board's Order. The appellant and the attorney, if not notified, should ask the agency about its progress. *See* [5 C.F.R. § 1201.181](b).

¶17 No later than 30 days after the agency tells the appellant or the attorney that it has fully carried out the Board's Order, the appellant or the attorney may file a petition for enforcement with the office that issued the initial decision on this appeal, if the appellant or the attorney believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant or the attorney believes the agency has not fully carried out the Board's

---

[3] As we have already discussed the reasonableness of the hourly rate, we need not address it here.

[4] We note that the appellant was granted an extension of time to file a petition for review because the initial decision had never been served. PFR File, Tab 3.

Order, and should include the dates and results of any communications with the agency. *See* 5 C.F.R. § 1201.182(a).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request further review of this final decision.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                              _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.