# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

REBECCA E VARNUM,
                Appellant,

      v.

DEPARTMENT OF THE AIR FORCE,
                Agency.

DOCKET NUMBER
SF-0752-21-0418-A-1

DATE: April 5, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Charles H Allenberg</u>, Esquire, Virginia Beach, Virginia, for the appellant.

<u>Brent W. Peden</u>, Carson City, Nevada, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which denied her attorney fee petition relating to her petition for enforcement. For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the addendum initial decision, and award the requested fees in the amount of $7,800.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2     The appellant filed a Board appeal challenging a personnel action taken by the Nevada National Guard. *Varnum v. Department of the Air Force*, MSPB Docket No. SF-0752-21-0418-I-1, Initial Appeal File (IAF), Tab 1. The parties settled the appeal and requested that the Board retain jurisdiction to enforce the settlement agreement. IAF, Tab 16 at 4-6. The settlement agreement, signed on September 30, 2021, provided, in pertinent part, that the agency would pay the appellant $29,952 for lost wages. *Id.* at 5, ¶ 3.b. The agreement did not contain a timeline for payment. *Id.* at 4-6. On October 4, 2021, the administrative judge issued an initial decision that found that the settlement agreement was lawful on its face, was freely entered into by the parties, and that the parties understood its terms. IAF, Tab 17, Initial Decision. He entered the agreement into the record for enforcement purposes and dismissed the appeal as settled. *Id.* Neither party petitioned for review of the initial decision.

¶3     On March 11, 2022, the appellant filed a petition for enforcement, in which she asserted that the agency had not paid her pursuant to the settlement agreement. *Varnum v. Department of the Air Force*, MSPB Docket No. SF-0752-21-0418-C-1, Compliance File (CF), Tab 1 at 4-6. The appellant received her back pay during the pendency of the enforcement proceedings, in or around mid- to late-April 2022. CF, Tab 15, Compliance Initial Decision (CID) at 3-4. Accordingly, the administrative judge dismissed the appellant's petition for enforcement as moot. *Id.* at 2, 5.

¶4     Thereafter, the appellant filed a motion for attorney fees in connection with her petition for enforcement. *Varnum v. Department of the Air Force*, MSPB Docket No. SF-0752-21-0418-A-1, Attorney Fee File (AFF), Tab 1. After affording the parties the opportunity to submit evidence and argument concerning the appellant's motion and considering their submissions, AFF, Tabs 2-7, the administrative judge issued an addendum initial decision denying the appellant's request for attorney fees. AFF, Tab 8, Addendum Initial Decision (AID). The

appellant has filed a petition for review and the agency has filed a response. *Varnum v. Department of the Air Force*, MSPB Docket No. SF-0752-21-0418-A-1, Petition for Review (A-1 PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5        To prevail on a motion for attorney fees arising out of a petition for enforcement, an appellant must prove the following:   (1) an attorney-client relationship existed and fees were incurred; (2) she is the prevailing party; (3) an award of fees is warranted in the interest of justice; and (4) the fees are reasonable. *Shelton v. Environmental Protection Agency*, 115 M.S.P.R. 177, ¶ 12 (2010); *see* 5 U.S.C. § 7701(g)(1).   In order to show that she is the prevailing party in the compliance phase of the proceedings, an appellant must establish that the agency materially breached the settlement agreement at issue.   *Shelton*. 115 M.S.P.R. 177, ¶ 12.   In cases where the agency complies with the settlement agreement during the pendency of the petition for enforcement, the appellant is not required to establish that the agency's eventual compliance was causally related to her petition for enforcement in order to establish that she is the prevailing party.   *Garstkiewicz v. U.S. Postal Service*, 981 F.2d 528, 530 (Fed. Cir. 1992).   Although the appellant bears the ultimate burden of proving the agency's noncompliance, the agency bears the burden of producing relevant, material, and credible evidence of its compliance.   *Shelton*. 115 M.S.P.R. 177, ¶ 12.   If a settlement agreement sets no time for performance, a reasonable time under the circumstances will be presumed.   *Id.*

¶6        As discussed in the addendum initial decision, the agency did not dispute the requested fees or hourly rates, or that the fees were incurred as part of an attorney-client relationship.  AID at 3.  We find that the itemized charges and the hourly rates are reasonable on their face, and we therefore find that the appellant has proved elements 1 and 4.

<u>The appellant was the prevailing party.</u>

¶7     In this case, the agency came into compliance with the settlement agreement during the pendency of the enforcement proceedings. CID at 3-4. The administrative judge found that the appellant was not the prevailing party because she did not demonstrate a causal link between her petition for enforcement and the ultimate recovery. AID at 4. However, the Federal Circuit held in *Garstkiewicz*, 981 F.2d at 530, that an appellant is not required to establish that the agency's eventual compliance was causally related to her petition for enforcement. *See Shelton*, 115 M.S.P.R. 177, ¶ 12. Rather, when the settlement agreement is silent as to the date by which payment must be made, the ultimate inquiry is whether the agency made payment within a reasonable time under the circumstances. *Id*. We find that a 7-month delay in the agency's compliance with a significant provision of the agreement is unreasonable under the circumstances. *See, e.g.*, *Del Balzo v. Department of the Interior*, 72 M.S.P.R. 55, 60 (1996) (finding a 3- to 4-month delay in complying with the terms of a settlement agreement to be unreasonable), *overruled on other grounds by Shelton*, 115 M.S.P.R. 177, ¶ 8. Although the agency has asserted that any delay was caused by the Defense Finance and Accounting Service (DFAS) and that it diligently followed up with DFAS to ensure payment was made, we have reviewed the record and we find that the agency bears some responsibility for the delayed payment. The record reflects that the agency delayed until November 23 and November 28, 2021 before submitting the necessary documents for processing payment to DFAS. CF, Tab 3 at 4-15. In any event, the Board has held in prior cases that the agency is liable for DFAS's delay because the agency chose to use DFAS as its paying agent.[2] AFF, Tab 7; *see Tichenor v. Department of the Army*, 84 M.S.P.R. 386, ¶ 8 (1999). We therefore find that the appellant is the prevailing party.

---

[2] On review, the appellant asserts that the agency's response to her fee petition was untimely and should not be considered. A-1 PFR File, Tab 1 at 7-9. Even considering the agency's arguments, we find that the initial decision must be reversed.

<u>An award of attorney fees is warranted in the interest of justice.</u>

¶8    When a settlement agreement implicitly provides that an agency must perform its obligations within a reasonable period of time, and the agency delays its compliance beyond a reasonable period of time, an award of attorney fees is warranted in the interest of justice. *Capehart v. U.S. Postal Service*, 83 M.S.P.R. 385, ¶ 6 (1999), *overruled on other grounds by Shelton*, 115 M.S.P.R. 177, ¶ 8; *Del Balzo*, 72 M.S.P.R. at 62.  Because we find that a delay of 7 months to pay back pay was unreasonable under the circumstances, we find that the interest of justice is served by an  award of attorney fees. *SeeCapehart*, 83 M.S.P.R. 385, ¶ 6; *Del Balzo*, 72 M.S.P.R. at 62.

**ORDER**

¶9    We ORDER the agency to pay the attorney of record $7,800 in fees.  The agency must complete this action no later than 20 days after the date of this decision.  Title 5 of the United States Code, section 1204(a)(2) (5 U.S.C. § 1204(a)(2)).

¶10    We also ORDER the agency to tell the appellant and the attorney promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order.  We ORDER the appellant and the attorney to provide all necessary information that the agency requests to help it carry out the Board's Order.  The appellant and the attorney, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶11    No later than 30 days after the agency tells the appellant or the attorney that it has fully carried out the Board's Order, the appellant or the attorney may file a petition for enforcement with the office that issued the initial decision on this appeal, if the appellant or attorney believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant or the attorney believes the agency has not fully carried out the Board's

Order, and should include the dates and results of any communications with the agency. *See* 5 C.F.R. § 1201.182(a).

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.