**James H. GRUBKA, Petitioner,**

**v.**

**DEPARTMENT OF the TREASURY, Respondent.**

No. 90–3190.

United States Court of Appeals, Federal Circuit.

Jan. 29, 1991.

Suggestion for Rehearing In Banc Declined March 15, 1991.

Philip B. Abramowitz, Simon, Schindler and Sandberg, Miami, Fla., argued, for petitioner.

Mark Melnick, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued, for respondent. With him on the brief were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director and Thomas W. Petersen, Asst. Director. Also on the brief were Agatha L. Vorsanger, Regional Counsel, I.R.S. and Eileen P. Collins, Attorney, of counsel.

Before NIES, Chief Judge, SKELTON, Senior Circuit Judge, and RADER, Circuit Judge.

SKELTON, Senior Circuit Judge.

In No. 90–3190 James H. Grubka (Grubka) petitions for review of the decision of the Merit Systems Protection Board (MSPB or board), No. NY075287AO326 (July 12, 1989), in which Grubka was awarded attorney fees for services of his attorney before the board and also attorney fees for services in connection with an appeal to this court but was denied enhancement of the award. We vacate the decision of the board for lack of jurisdiction insofar as the decision awarded attorney fees for services performed in this court in connection with judicial review of the board's decision. We

affirm the decision of the board awarding attorney fees for services of Grubka's attorney before the board including the denial of enhancement of the award. We remand the case to the board for a more precise determination of the amount of the award for services performed before the board.

The underlying facts in this case are related in our opinion in *Grubka v. Department of the Treasury*, 858 F.2d 1570 (Fed. Cir.1988), and will not be repeated here except as may be necessary for our decision in this case. The facts show that an adverse action was taken against Grubka by his employer, the Internal Revenue Service (IRS or agency), charging him with conduct unbecoming a managerial employee while attending a Halloween party after working hours and away from the workplace, together with other related charges. At the time he was Chief of Quality Review Staff, GM–14, in Buffalo, New York, where he was supervising a group of trainees during working hours. He denied the charges and appealed to the MSPB. A hearing was held before an administrative judge (AJ) of the board and on August 25, 1987, he handed down an initial decision affirming the decision of the agency, downgrading Grubka to a new position of Appeals Officer, GS–12, with a corresponding reduction in salary. The initial decision of the AJ became the decision of the board. Grubka then appealed to this court. We reversed the decision of the board, holding that some of the charges were without substance and frivolous, and that the board's decision was unsupported by substantial evidence and erroneous as a matter of law. We remanded the case to the board with instructions to restore Grubka to his original position with back pay and other benefits, and to remove any reference to the charges from his personnel records.

Grubka filed a timely motion for attorney fees with the board under the provisions of 5 U.S.C. § 7701(g) of the Civil Service Reform Act supported by an itemized accounting of services and expenses of his attorneys Philip B. Abramowitz, John A. Collins and C. Donald O'Connor. He claimed they worked 488.8 hours on the case and that he should be awarded fees for Abramowitz and O'Connor at the rate of $150 per hour and fees for Collins, who drafted an appellate brief, at the rate of $135 per hour.

The board referred the attorney fee motion to an AJ who held a hearing and rendered an opinion. The AJ found that Grubka was the prevailing party in the original action and that he was substantially innocent of the charges and that he had incurred attorney fees. Based on these findings he held that Grubka was entitled to an award of attorney fees. He found further that the hourly rates of $150 for Abramowitz and O'Connor, and $135 for Collins were reasonable. However, he found that the 488.8 hours claimed were excessive, giving his reasons therefor, and that a reasonable number of hours was 299½ hours (244½ for Abramowitz and O'Connor at $150 per hour, and 55 hours for Collins at the rate of $135 per hour) amounting to the sum of $44,100. The AJ also allowed $617.29 for Grubka's attorneys' expenses, making the total allowed attorney fees the sum of $44,717.29. Grubka also included in his motion a request for enhancement of the award to a sum equal to triple the amount of the lodestar award. The board denied the enhancement.

■ The award of the board covered services of Grubka's attorneys before the board and also their services before this court. The government contends that the board did not have jurisdiction to award Grubka an attorney fee for the services of his attorneys in this court. We agree. It is clearly established by decisions of this court that the board has no authority to award attorney fees for services rendered by an attorney in court in connection with a judicial review of a board decision. *See Olsen v. Department of Commerce, Census Bureau*, 735 F.2d 558, 560–561 (Fed. Cir.1984); *Austin v. Department of Commerce*, 742 F.2d 1417, 1419 (Fed.Cir.1984); *Gavette v. Office of Personnel Management*, 808 F.2d 1456, 1468 (Fed.Cir.1986) (en banc); and *Covington v. Department*

*of Health and Human Servs.*, 818 F.2d 838, 840 (Fed.Cir.1987).

In *Olsen* we held:

Section 205 of the Reform Act, 5 U.S.C. § 7701, deals with appeals from an agency to the Board. The Board's authority under subsection (g)(1) to award attorney's fees necessarily relates to fees incurred in those administrative proceedings. Judicial review of Board decisions is governed by section 7703, which contains no provision authorizing the award of attorney's fees incurred in the judicial proceedings. *The Board has no authority to award attorney's fees for services rendered in connection with judicial review of a Board decision.*

735 F.2d at 560–61 (emphasis supplied).

In *Covington* we held:

Nor is Mr. Covington required to seek from the Board his fees and expenses incurred before this court as the agency argues. The "Board has no authority to award attorney's fees for services rendered in connection with judicial review," established at least since *Olsen v. Department of Commerce, Census Bureau*, 735 F.2d 558, 561 (Fed.Cir.1984).

818 F.2d at 840.

In *Gavette* we affirmed the decision in *Olsen* that the board has no authority to award attorney fees for services rendered in connection with judicial review of a board decision. We also stated:

Federal Circuit Rule 20 contemplates that when attorney fees and expenses are authorized in connection with an appeal, the amount of the award for such fees and expenses shall be determined by this court.

808 F.2d at 1468.

It is clear from these decisions that the board did not have authority to award attorney fees to Grubka for the services of his attorney in this court in the judicial review of the board's decision. Accordingly, to the extent that the board's award was for services of the attorneys in this court, it was beyond the jurisdiction of the board and to that extent it is vacated.

Grubka has not filed a motion for attorney fees in this court.

We affirm the award of the board to the extent that it was for services of the attorneys in the administrative proceedings before the board, including the denial of the request for enhancement. We give great deference to MSPB determinations regarding attorney fees under 5 U.S.C. § 7701(g). *Sterner v. Department of the Army*, 711 F.2d 1563 (Fed.Cir.1983). We do not find the MSPB's decision awarding attorney fees for Grubka's attorneys for services before the Board and denying enhancement arbitrary, capricious, contrary to law, an abuse of discretion, or unsupported by substantial evidence, 5 U.S.C. § 7703(c). We remand the case to the board for a determination of the amount of the award that is applicable to the attorneys services before the board.

### Costs

The parties shall bear their respective costs.

*Affirmed in Part, and Reversed and Remanded in Part.*