NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICKY L. HILLIARD,**
*Petitioner,*

v.

**UNITED STATES POSTAL SERVICE,**
*Respondent.*

---

2009-3291

---

Petition for review of the Merit Systems Protection Board in CH0752080376-A-1.

---

Decided: November 15, 2010

---

NATHANIEL M. JONES, Law Offices of Nathaniel M. Jones, of Oak Park, Illinois, for petitioner.

ALEX P. HONTOS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES, Deputy Director.

---

Before NEWMAN, CLEVENGER, and BRYSON, *Circuit Judges.*

PER CURIAM.

## DECISION

Ricky L. Hilliard appeals from a decision of the Merit Systems Protection Board denying his request for attorney fees. We affirm.

## BACKGROUND

Mr. Hilliard was employed in the position of Manager, Maintenance, at a Postal Service facility in Palatine, Illinois. In March 2008, he was demoted to a lower-paying position and reassigned to another Postal Service facility in suburban Chicago. His demotion resulted from charges of insubordination and failure to properly perform the duties of his position. The insubordination charge was based on Mr. Hilliard's alleged disregard of a superior officer's instructions to order a subordinate, Mr. Perry, to report for an interview with the Postal Service's Office of Inspector General. The charge that Mr. Hilliard failed to properly perform his duties contained three specifications: (1) he allowed one of his subordinates to be awarded extra compensation paid for working on Sunday when that employee, Mr. Perry, was actually working on other days; (2) he improperly recorded annual leave of another subordinate, Mr. Baran, resulting in extra compensation; and (3) he improperly disciplined a third subordinate, Mr. Harris, for being absent without leave for hours that the employee was actually working.

Mr. Hilliard appealed his demotion to the Merit Systems Protection Board. Following a hearing, the administrative judge who was assigned to the case found that the charge of insubordination was not supported by preponderant evidence. In particular, the administrative judge concluded that although the evidence showed that Mr. Hilliard had refused to obey the order of his superior officer, his refusal was not "willful and intentional." *See Phillips v. Gen. Servs. Admin.*, 878 F.2d 370, 373 (Fed. Cir. 1989). As to the charge of failing to properly perform duties of his position, the administrative judge sustained that charge, finding that the first two specifications were supported by preponderant evidence. The Postal Service dropped the third specification during the hearing, and the administrative judge did not address it. The administrative judge rejected two affirmative defenses raised by Mr. Hilliard.

In light of the agency's failure to prove all of the charges, the administrative judge mitigated the penalty to the maximum penalty that could be reasonably imposed based on the sustained charge alone: a letter of warning in lieu of a 14-day suspension. The administrative judge then ordered that Mr. Hilliard be reinstated in his previous position and awarded back pay sufficient to compensate him for the pay he lost as a consequence of the demotion.

Mr. Hilliard then petitioned the Board for attorney fees. After analyzing Mr. Hilliard's submission under the applicable statutory fee provision, 5 U.S.C. § 7701(g)(1), the administrative judge denied the petition. On Mr. Hilliard's petition for review, the two Board members were unable to agree on the proper disposition. By Board rule, the decision of the administrative judge therefore became the final decision of the Board. *See* 5 C.F.R.

§ 1200.3(b). Mr. Hilliard now petitions for review by this court.

## DISCUSSION

The Board may, in its discretion, order the payment of attorney fees to an appellant if the appellant is a "prevailing party" and the Board "determines that payment by the agency is warranted in the interest of justice." 5 U.S.C. § 7701(g)(1). There is no dispute that Mr. Hilliard was a prevailing party in the underlying Board proceedings, so the sole question presented is whether the Board abused its discretion in concluding that an award of fees was not warranted in the interest of justice.

In making the fee award determination, the Board looks to five non-exclusive considerations. Those considerations, known as the "*Allen* factors," call on the Board to address whether

> (1) the agency engaged in a prohibited personnel practice;
> (2) the agency's action was clearly without merit or wholly unfounded, or the employee is substantially innocent of all charges;
> (3) the agency initiated the action in bad faith;
> (4) the agency committed gross procedural error that prolonged the proceeding or severely prejudiced the employee; or
> (5) the agency knew or should have known that it would not prevail on the merits when it brought the proceeding.

*See Allen v. U.S. Postal Serv.*, 2 M.S.P.R. 420, 434-35 (1980). This court has frequently cited the *Allen* factors with approval. *See, e.g.*, *Price v. Soc. Sec. Admin.*, 398 F.3d 1322, 1325 (Fed. Cir. 2005); *James v. Santella*, 328 F.3d 1374, 1376-78 (Fed. Cir. 2003). Mr. Hilliard does not argue that the first *Allen* factor is applicable. He contends, however, that each of the other factors was present in this case.

1. Mr. Hilliard argues that the insubordination charge and the third specification of the charge of failure to perform duties were clearly without merit and wholly unfounded. The administrative judge rejected his claim as to the insubordination charge, holding that the Postal Service had offered credible, probative, and unrefuted evidence that Mr. Hilliard had not obeyed the order of his superior officer. We agree with the Board that the Postal Service's failure to meet its burden of proof with respect to the issue of willfulness does not undermine the credibility of the evidence as to the conduct that provided the basis for that charge.

With respect to the charge of failure to perform duties, the administrative judge likewise found the Postal Service's charge not to be wholly unfounded. It is true, as Mr. Hilliard points out, that Postal Service counsel withdrew the third specification of that charge during the hearing. However, the charge was sustained based on the remaining two specifications, and for that reason, we sustain the administrative judge's conclusion that the charge was not wholly unfounded.

Mr. Hilliard points to the mitigation of his penalty from a demotion to a letter of warning as evidence that he was substantially innocent of all the charges. Penalty mitigation alone, however, "does not create a presumption

in favor of satisfaction of any of the *Allen* factors." *Dunn v. Dep't of Veterans Affairs*, 98 F.3d 1308, 1313 (Fed. Cir. 1996). While charges are not necessarily weighted equally when assessing whether an employee was substantially innocent of the charged conduct, *see Van Fossen v. Merit Sys. Prot. Bd.*, 788 F.2d 748, 750 (Fed. Cir. 1986), the administrative judge in this case found that the charge of failure to perform duties was "a serious matter" and not "'minor' in comparison to the charge of insubordination." In order to satisfy the "substantially innocent" standard, the employee must show that he was "essentially without fault for the charges alleged and was needlessly subjected to attorney fees in order to vindicate himself." *Massa v. Dep't of Def.*, 833 F.2d 991, 993 (Fed. Cir. 1987). The administrative judge did not find Mr. Hilliard to be essentially without fault; to the contrary, the administrative judge found that he was negligent in failing to perform the duties of his position. We hold that substantial evidence supports that finding, and that the Board was therefore justified in concluding that Mr. Hilliard was not substantially innocent of the charges against him.

2. Mr. Hilliard contends that the Postal Service acted in bad faith and committed gross procedural error in the manner in which it conducted the investigation and litigation in this case. In particular, he complains about the agency's failure to ask Mr. Perry whether he had received Mr. Hilliard's order to report to a scheduled interview and its failure to provide Mr. Hilliard with a copy of the letter of warning that he issued to Mr. Harris until the date of the hearing.

To be sure, it appears that the Postal Service did not thoroughly investigate the circumstances surrounding Mr. Hilliard's alleged insubordination prior to the hear-

ing. However, the agency did have credible, probative evidence that he disobeyed the order that he was given. That evidence and the absence of other evidence of bad faith on the part of the agency supports the administrative judge's conclusion that the insubordination charge was not brought in bad faith. *See Allen*, 2 M.S.P.R. at 432.

As to the agency's failure to provide Mr. Hilliard with a copy of the letter of warning to Mr. Perry, Mr. Hilliard argues that having a copy of the letter earlier would have been helpful to him in preparing his case. Yet the delay in producing the letter to Mr. Harris, even if contrary to the Postal Service's discovery obligations, does not establish that the Postal Service intentionally engaged in dilatory conduct in order to "groundlessly prolong[ ] litigation" against him. *Allen*, 2 M.S.P.R. at 432. In light of the evidence, there is no basis for overturning the administrative judge's conclusion to the contrary.

3. Finally, Mr. Hilliard argues that the Postal Service knew or should have known at the time of the notice of proposed adverse action that the insubordination charge and the third specification of the failure to perform duties charge would not withstand challenge. In support of that contention, Mr. Hilliard points to the agency's withdrawal of the specification relating to Mr. Harris as well as testimony from Mr. Baran and Mr. Perry regarding the insubordination charge.

To establish that the agency knew or should have known that it would not prevail on the merits, Mr. Hilliard was required to show that the Postal Service did not have credible, probative evidence to support the charges. *See, e.g.*, *Griffith v. Dep't of Agric.*, 96 M.S.P.R. 251, 258 (2004). As we have noted, the agency had credible, proba-

tive evidence with regard to the conduct alleged in both charges, even though the insubordination charge ultimately failed for lack of a sufficient showing of intent and the government was unable to support one of the specifications of the failure to perform duties charge. In light of the evidence at the hearing, and in light of the fact that the administrative judge supervised the proceedings before him and therefore was well positioned to assess whether the agency was proceeding on grounds that it knew or should have known were baseless, we hold that the administrative judge did not abuse his discretion in finding that Mr. Hilliard failed to show that the agency "knew or should have known that it would not prevail on the merits when it brought the proceeding." *Allen*, 2 M.S.P.R. at 432.

As the Board has explained, the *Allen* factors are not an exhaustive list of circumstances in which attorney fee awards may be granted, but Mr. Hilliard has not pointed to any other factors that would require an award of fees in this case. While the Board's analysis suggests that the Postal Service should have conducted a more thorough investigation of the circumstances surrounding the charge and the specification that were dismissed during or after the hearing, the Board nonetheless found as a factual matter that the agency had credible, probative evidence supporting the charges against Mr. Hilliard and that the case against him was not clearly without merit. In light of the great deference we give to the Board in fee determinations under 5 U.S.C. § 7701(g), *see Grubka v. Dep't of Treasury*, 924 F.2d 1039, 1041 (Fed. Cir. 1991), we sustain the Board's order denying attorney fees.

No costs.

**AFFIRMED**