**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| TROY A. THOMAS, | DOCKET NUMBER |
| Appellant, | AT-0752-21-0259-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: August 4, 2023 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Stephan B. Caldwell, Esquire, Riverdale, Georgia, for the appellant.

Giustina Simon and Mary Rae Dudley, Esquire, Fort Gordon, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1    The agency has filed a petition for review of the initial decision, which mitigated the appellant's removal to a 15-day suspension without pay.[2]    On

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

[2]  The appellant has filed a motion to dismiss the agency's petition for review, arguing, among other things, that it failed to comply with the administrative judge's interim

petition for review, the agency argues that the administrative judge erred in finding that it did not prove one of its two charges and that the penalty of removal was appropriate and reasonable. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or

---

relief order because, after he was reinstated on interim relief, the agency transferred him to a different position. PFR File, Tab 4 at 8-10. When an administrative judge orders interim relief under 5 U.S.C. § 7701(b)(2)(A), an agency, in its petition for review, must certify that it has complied with the interim relief order either by providing the required interim relief or showing that it determined that the appellant's return to, or presence in, the workplace would be unduly disruptive. 5 C.F.R. § 1201.116(a). If the agency determines that the appellant's return to the workplace would be unduly disruptive, the agency must nevertheless provide the appellant the pay, compensation, and all other benefits during the interim relief period. 5 U.S.C. § 7701(b)(2)(B). Here, although the agency reinstated the appellant to the position of Police Officer, PFR File, Tab 7 at 5, it soon thereafter detailed him to a different position in a different unit, PFR File, Tab 4 at 13. Although the agency did not explicitly state that it was making an undue disruption determination, the Board will infer such a determination if the agency can show that it had a strong overriding interest or compelling reason for assigning duties other than those assigned prior to the appellant's separation. *See Lednar v. Social Security Administration*, 82 M.S.P.R. 364, ¶ 9 (1999); *see also Haebe v. Department of Justice*, 81 M.S.P.R. 167, ¶14 (1999), *rev'd on other grounds*, 288 F.3d 1288 (Fed. Cir. 2002). In this case, the agency's reason for reassigning the appellant is his decertification from the Individual Reliability Program (IRP)—a condition of employment required for Patrol Police Officers. PFR File, Tab 4 at 8-9, Tab 5 at 6-7. Although the appellant argues that the agency did not provide the basis for the latest IRP decertification, PFR File, Tab 4 at 7, the Board lacks the authority to review whether the agency's decision to reassign the appellant on that basis was made in good faith, *King v. Jerome*, 42 F.3d 1371, 1374-75 (Fed. Cir. 1994). Rather, the Board's authority is restricted to deciding whether an undue disruption determination was made when required, and whether the appellant is receiving the appropriate pay and benefits. *Id*. The record establishes that the agency made an implicit undue disruption determination, and the appellant has not alleged that he is not receiving all the pay and benefits of his original position. Accordingly, we find that the agency has complied with the administrative judge's interim relief order, and we deny the appellant's motion to dismiss the agency's petition for review.

involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the administrative judge's disparate penalty analysis, we AFFIRM the initial decision.

¶2      The agency alleged that the appellant submitted incorrect time and attendance records and that those submissions ultimately lead to his decertification from the agency's Individual Reliability Program (IRP), which is a required certification for Patrol Police Officers such as the appellant. Initial Appeal File (IAF), Tab 22 at 149. Based on this conduct, the agency removed the appellant based on charges of conduct unbecoming a law enforcement officer (failure to properly maintain time and attendance records) and failure to maintain a condition of employment. *Id.* The appellant appealed his removal to the Board, and, after holding a hearing, the administrative judge issued an initial decision mitigating the removal to a 15-day suspension without pay. IAF, Tab 1, Tab 46, Initial Decision (ID).

¶3      In considering the conduct unbecoming a law enforcement officer charge, the administrative judge correctly noted that the agency's allegations were of inaccurate time records and that it need not prove the specific intent required of a falsification charge. ID at 5 (citing *Fernandez v. Department of Agriculture*, 95 M.S.P.R. 63 (2003)). After considering testimony from, among others, an agency investigator, who explained that he did not find that the appellant falsified his timecards, but rather, that the appellant did not ensure that his entered time was accurate, the administrative judge correctly found that the agency proved by

preponderant evidence that the appellant failed to properly maintain his time and attendance records, and he sustained the charge. ID at 10.

¶4 In considering the failure to maintain a condition of employment charge, which concerns the appellant's decertification from the IRP, the administrative judge appropriately considered the merits of the agency's decision to decertify the appellant from the IRP. ID at 10-14. In doing so, he discussed an agency regulation that requires the agency to use a list of "reliability factors" in making a certification determination, and he accurately observed that the record contains no evidence of the agency's application of these factors. ID at 11-12. Further, the administrative judge also correctly observed that the official responsible for decertifying the appellant from the IRP, who had concluded that the appellant's conduct constituted fraud, failed to explain why he disagreed with the results of two agency investigations which concluded that the appellant's actions were negligent and not fraudulent. ID at 12-13. Finally, after a well-reasoned analysis of the evidence, the administrative judge appropriately concluded that the agency failed to show by preponderant evidence that the appellant falsified his timecards or engaged in fraud. ID at 12-14. In the absence of a showing of fraud or the application of "reliability factors" as set forth by agency regulation, the administrative judge appropriately found that the agency failed to prove the basis of the appellant's decertification from the IRP, and, ultimately, the charge of failure to maintain a condition of employment. ID at 14. The agency's arguments on review do not provide a basis to disturb these findings.

¶5 Because the administrative judge did not sustain all of the charges, he considered whether mitigation of the penalty of removal was appropriate. ID at 17-21 (citing *Suggs v. Department of Veterans Affairs*, 113 M.S.P.R. 671, ¶ 6 (2010), *aff'd*, 415 F. App'x 240 (Fed. Cir. 2011)). In doing so, he correctly observed that the deciding official stated that the penalty selection was largely based on a determination that the appellant had falsified his timecards. ID at 19. Explaining that the selected penalty should reflect only the proven level of

impropriety and reiterating that the agency failed to prove falsification, the administrative judge correctly found that the chosen penalty of removal was "based on a higher level of impropriety than it was able to prove." ID at 19. Accordingly, he mitigated the penalty of removal to a 15-day suspension without pay. ID at 21. We discern no error in this decision.[3] *See Raco v. Social Security Administration*, 117 M.S.P.R. 1, ¶¶ 14-20 (2011) (finding that a 14-day suspension, rather than removal, was the maximum reasonable penalty for a sustained charge of conduct unbecoming a Federal employee based on 22 time and attendance discrepancies when the appellant had 20 years of service and expressed remorse).

¶6      In reaching our conclusion, we note that the administrative judge relied in part on a disparate penalty analysis in mitigating the penalty, and cited to the standard set forth in *Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657 (2010). ID at 19-21. The administrative judge found that other officers had far more days and hours of unsupported work hours than the appellant, yet were not disciplined. ID at 20. The administrative judge found that the "evidence raises an inference of disparate penalties because all of the police officers were within the same Division, many fell under [the appellant's primary supervisor's] supervision, and all fall under the authority of the deciding official." ID at 21.

¶7      In *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 14, the Board overruled *Lewis*, finding that the relevant inquiry is whether the agency knowingly and unjustifiably treated employees differently. The Board also held that in most cases, employees from another work unit or supervisory chain will not be proper

---

[3] In the administrative judge's penalty discussion, he cited to *Hilliard v. U.S. Postal Service*, 111 M.S.P.R. 634 (2009), *aff'd*, 403 F. App'x 504 (Fed. Cir. 2010). ID at 21. However, that case is a split-vote decision with separate opinions, and thus, it does not have any precedential value. Nonetheless, the proposition for which it was cited—that the maximum reasonable penalty for charges similar to those at issue here is a suspension—is supported elsewhere. *See Raco v. Social Security Administration*, 117 M.S.P.R. 1, ¶¶ 14-20 (2011).

comparators. *Id.*, ¶ 13. Here, even under *Singh*, the administrative judge correctly relied upon the comparators in question because they engaged in the same or similar offenses and were from the same work unit or supervisory chain. The agency, therefore, knowingly and unjustifiably treated employees differently, and the administrative judge properly concluded that the consistency of the penalty with those imposed upon other employees for the same or similar offenses was one of the factors warranting mitigation of the penalty. *See id.*, ¶ 18.

## ORDER

We ORDER the agency to cancel the appellant's February 21, 2021 removal and substitute in its place a 15-day suspension without pay. The agency must complete this action no later than 20 days after the date of this decision. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984).

We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant

believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

¶12     For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS**[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                                 /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.


# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805. Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete. Missing documentation may substantially delay the processing of a back pay award. **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE: Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket. Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled). **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 5) Certified timecards/corrected timecards. **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation. Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc. Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:** When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received. The payroll office must collect the debt from the back pay award. The annual leave will be restored to the employee. Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63).
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion.  Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.